Francis J. McCann, by Guardian, etc., *v.* The Sixth Avenue Railroad Company, Respondent.

In an action to recover damages for injuries alleged to have been caused by defendant's negligence, plaintiff's testimony was to the effect that in crossing a street, whereon were two tracks of defendant's road, to get out of the way of a truck he jumped on to the rear platform of a car which had stopped at the crossing; as he was passing across the platform the conductor kicked at him, and to avoid the kick he jumped from the car, landing in the other track, without looking to see if a car was approaching thereon; he was struck by a car moving at an unlawful rate of speed and injured. *Held,* that a nonsuit was error; that, although technically a trespasser, plaintiff's conduct was to be weighed with that of the conductor for whose act the defendant was responsible; and that defendant could not escape the consequences of its own negligence by conduct of plaintiff induced by its employe, nor could it have the benefit of the misjudgment or want of judgment of the former if the act of the conductor threw him off his balance; and that these were questions for the jury.

*McCann* v. *Sixth Ave. R. R. Co.* (24 J. & S. 282) reversed.

(Argued December 2, 1889; decided December 17, 1889.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 7, 1889, which affirmed a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial, and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

Plaintiff's evidence was to the effect that in crossing Sixth avenue, in the city of New York, upon which there are two tracks of defendant's road, he found his way blocked by a car

on the nearest track which had stopped at the crossing ; to get out of the way of a passing truck he jumped onto the rear platform of the car and started to cross over it; as he was doing so the conductor of the car kicked at him; to avoid the kick he leaped from the platform, landing in the centre of the other track, when he was struck and knocked down by the horses of a car moving thereon at a rapid and unusual rate of speed, and was run over by the car. Plaintiff did not see the approaching car or look before he leaped to see if one was approaching.

Further facts appear in the opinion.

*James C. Foley* for appellant. Under the allegations of the complaint, any evidence tending to establish defendant's negligence was admissible. (*Oldfield* v. *N. Y. & H. R. R. Co.,* 14 N. Y. 314 ; *Agnew* v. *B. C. R. R. Co.,* 20 Abb. N. C. 235 ; *Ehrgott* v. *Mayor, etc.,* 96 N. Y. 277 ; *Mack* v. *S. L., etc., R. R. Co.,* 77 Mo. 232 ; *Schneider* v. *M. P. R. R. Co.,* 75 id. 295.) Drivers of vehicles through frequented streets must anticipate that travelers on foot may be at the crossings of any street, and they must have their vehicles under control and regulate their speed accordingly. (*Birkett* v. *K. I. Co.,* 110 N. Y. 504; *Murphy* v. *Orr,* 96 id. 14; *Moebus* v. *Hermann,* 108 id. 349 ; Shearman on Neg. [4th ed.] 462.) It was error to take the case from the jury, and to direct a verdict for the defendant. (*Bagley* v. *Bowe,* 105 N. Y. 171; *Bridges* v. *N. L. R. R. Co.,* 7 H. of L. App. 213; *Robson* v. *N. E. R. R. Co.,* L. R., Q. B. Div. 85; *M. R. Co.* v. *Jackson,* L. R., 3 App. Cas. 209.) If the defendants' up-town car and team were being driven at an unlawful and dangerous rate of speed, and the defendants' conductor, on the down-town car, drove the boy from the platform in the face of the on-coming team, that would be negligence — at the very least it presents questions to be decided by a jury. (*Rounds* v. *D. & L. R. R. Co.,* 64 N. Y. 132; *Hoffman* v. *N. Y. C. & H. R. R. R. Co.,* 87 id. 25 ; *Shea* v. *S. A. R. R. Co.,* 62 id. 185 ; *Clark* v. *N. Y.,*

*L. E. & W. R. R. Co.*, 40 Hun, 605 ; 113 N. Y. 670.) The defendant is responsible for the act of the conductor in driving the boy from the car, by kicking at him. (*Shea* v. *S. A. R. R. Co.*, 62 N. Y. 185 ; *Cohen* v. *D. D., etc., Co.*, 69 id. 170 ; *Lang* v. *N. Y., L. E. & W. R. R. Co.*, 22 N. Y. S. R. 110 ; *Mott* v. *C. I. Co.*, 73 N. Y. 543 ; *Schultz* v. *T. A. R. R. Co.*, 89 id. 246 ; *Sandford* v. *E. A. R. R. Co.*, 23 id. 343 ; *Biddle* v. *H. M. & F. R. R. Co.*, 112 Penn. 551.) The absence of the life guard was competent on the question of defendants' negligence. (*Oldfield* v. *N. Y. & H. R. R. R. Co.*, 14 N. Y. 314.) That plaintiff's own testimony is not corroborated on some one point has never been considered a sufficient reason for taking the case from the jury. (*Burnett* v. *Harris*, 50 Barb. 379 ; *Saffer* v. *D. D., etc., R. R. Co.*, 24 N. Y. S. R. 210 ; *Harr* v. *N. Y. C. R. R. Co.*, 23 id. 187 ; *Cousins* v. *T. A. R. R. Co.*, 25 id. 341 ; *Spooner* v. *D., L. & W. R. R. Co.*, 23 id. 555 ; *Hoffman* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 25 ; *Rounds* v. *D., L. & W. R. R. Co*, 64 id. 129 ; *Elwood* v. *W. U. T. Co.*, 45 id. 552 ; *Miller* v. *Ins. Co.*, 1 Abb. N. C. 470 ; *Schwier* v. *N. Y. C. R. R. Co.*, 90 N. Y. 560.) On the evidence in this case a verdict of the jury in favor of the plaintiff would have been sustained. (*Archer* v. *N. Y. C., etc., R. R. Co.*, 106 N. Y. 602 ; *Hays* v. *Thompson*, 2 Hun, 518 ; *Cheeny* v. *N. Y. C. R. R. Co.*, 16 id. 415 ; *Morse* v. *Sherrill*, 63 Barb. 21 ; *Case* v. *People*, 14 Hun, 511 ; *Cothran* v. *Collins*, 29 How. Pr. 155 ; *Hickenbottom* v. *D., L. & W. R. R. Co.*, 15 N. Y. S. R. 11.) The question of defendant's negligence should have been submitted to the jury. (*Hoffman* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 26 ; *Rounds* v. *D., L. & W. R. R. Co*, 64 id. 132 ; *Mott* v. *C. I. Co.*, 73 id. 543 ; *Clarke* v. *N. Y., L. E. & W. R. R. Co.*, 40 Hun, 605 ; 113 N. Y. 670 ; *Jetter* v. *N. Y. C. R. R. Co.*, 2 Abb. Ct. App. Dec. 458 ; *Massoth* v. *D. & H. C. Co.*, 64 N. Y. 524 ; *Knupple* v. *K. I. Co.*, 84 id. 488 ; *P. R. R. Co.* v. *Werner*, 89 Penn. St. 64 ; *Gaynor* v. *O. C. R. R. Co.*, 100 Mass. 208 ; *Wheelock* v. *B. & A. R. R. Co.*, 105 id. 203 ; *Deegan* v. *Cappel*, 25 N. Y. S. R. 336.) The question of

contributory negligence was also for the jury. (*McGovern* v. *N. Y. C. R. R. Co.*, 67 N. Y. 417; *O'Mara* v. *R. R. Co.*, 38 id. 445; *Barry* v. *N. Y. C. R. R. Co.*, 92 id. 290; *Haycroft* v. *L. S. R. R. Co.*, 2 Hun, 489; 64 N. Y. 637; *McRichard* v. *Flint*, 23 N. Y. S. R. 100; *Hart* v. *H. R. B. Co.*, 80 N. Y. 622; *Thurber* v. *R. R. Co.*, 60 id. 326; *Beltan* v. *Baxter*, 58 id. 411; *Massoth* v. *D. & H. C. Co.*, 64 id. 529.)

*D. M. Porter* for respondent. The defendant was not negligent. (*P., etc., R. R. Co.* v. *Spearen*, 47 Penn. St. 300.) The plaintiff was guilty of contributory negligence in jumping before the horses without looking, and the case at bar comes directly within the case of *Motel* v. *Sixth Avenue Railroad Company* (2 How. [N. S.] 30; 99 N. Y. 632). The proof of absence of negligence on the part of the plaintiff is as much a part of the plaintiff's case as negligence on the part of the defendant, and the burden to prove absence of negligence is on the plaintiff affirmatively. (*Hale* v. *Smith*, 78 N. Y. 480; *Harnett* v. *B. S. & C. R. R. Co.*, 17 J. & S. 185; *Tolman* v. *S. B. & N. Y. R. R. Co.*, 98 N. Y. 198; 1 S. & R. on Neg. [4th ed.] § 7.) Where plaintiff charges negligence, and not willful injury, he cannot prove the latter. (*P. R. R. Co.* v. *Smith*, 98 Ind. 42; *Clark* v. *Post*, 113 N. Y. 17; *G. R. R. Co.* v. *Oaks*, 52 Ga. 410; *Benedict* v. *S. W. R. R. Co.*, 24 N. Y. S. R. 169; *Tracy* v. *Ames*, 4 Lans. 500; *Southwick* v. *F. N. Bk.*, 84 N. Y. 420; *Vail* v. *R. R Co.*, 106 id. 283; *Dwight* v. *G. L. Ins. Co.*, 103 id. 341.) If the proof of a fact is so preponderating that a verdict against it would be set aside by the court as contrary to the evidence, then it is the duty of the court to direct a verdict. (*People* v. *Cook*, 8 N. Y. 67; *Wilds* v. *H. R. R. R. Co.*, 24 id. 430, 433; *Kelsey* v. *N. L. Oil Co.*, 45 id. 509; *Cagger* v. *Lansing*, 64 id. 417, 427; *Nuendorff* v. *W. M. Ins. Co.*, 69 id. 389, 392, 393; *Toomey* v. *R. R. Co.*, 3 C. B. [N. S.] 146; *Culhane* v. *N. Y. C., etc., R. R. Co.*, 60 N. Y. 133, 136; *McKeever* v. *N. Y. C., etc., R. R. Co.*, 88 id. 667; *Hyatt* v. *Johnson*, 91 Penn. St. 200; *Ryder* v.

*Wombwell,* L. R., 4 Exch. 39 ; *Improvement Co.* v. *Munson,* 14 Wall. 442; *Pleasants* v. *Faut,* 22 id. 120 ; *Comrs.* v. *Clark,* 94 U. S. 284 ; *Griggs* v. *Houston,* 104 id. 553 ; *Bailey* v. *C. R. Mill,* 21 Fed. Rep. 159 ; *Witherbee* v. *Wasson,* 71 N. C. 451 ; *Davis* v. *T. A. R. R. Co.,* 9 J. & S. 31 ; *Donnelly* v. *Brooklyn, etc , R. R. Co.,* 109 N. Y. 16, 22 ; *Stone* v. *Browning,* 58 id. 598, 604 ; *Burt* v. *Smith,* 11 Week. Dig. 278 ; *Field* v. *N. Y. C. R. R. Co.,* 32 N. Y. 339, 350 ; *Cahill* v. *Hilton,* 106 id. 512, 522 ; *Ryan* v. *Thompson,* 6 J. & S. 133 ; *Godin* v. *Bk. of Commonwealth,* 6 Duer, 76.) It is not sufficient that there is some evidence ; there must be evidence on which the jury might reasonably and properly conclude that there was negligence. (*Toomey* v. *London B. S. C. R. Co.,* 3 C. B. [N. S.] 146 ; *Cornman* v. *Easton C. R. Co.,* 4 H. N. 781, 786 ; S. & R. on Neg. [4th ed.] 68, § 56 ; *Improvement Co.* v. *Munson,* 14 Wall. 442, 448 ; *Baulec* v. *H. R. R. Co.,* 59 N. Y. 356, 366.) Every presumption is in favor of the judgment. (*Day* v. *Town of New Lots,* 107 N. Y. 148 ; *Isaacs* v. *T. A. R. R. Co.,* 47 id. 122 ; *Stewart* v. *B. & C. T. R. R. Co.,* 90 id. 588.) Defendant was not bound to use the life-guard, especially under such extraordinary circumstances as are established in this case. (*Unger* v. *F. S. S. R. R. Co.,* 51 N. Y. 497 ; *Sweeney* v. *B. & J. E. Co.,* 101 id. 520 ; *Smith* v. *N. Y. & H. R. R. Co.,* 6 Duer, 225, 231 ; 19 N. Y. 127 ; *Steinweg* v. *E. R. Co.,* 43 id. 123 ; *Lowery* v. *M. R. R. Co.,* 12 Daly, 431, 434 ; 99 N. Y. 150 ; *Clark* v. *Barnes,* 37 Hun, 389, 391 ; *McAlpin* v. *Powell,* 70 N. Y. 126 ; *Victory* v. *Baker,* 67 id. 366, 370 ; *Sutton* v. *N. Y. C. & H. R. R. R. Co.,* 66 id. 243 ; 21 Am. Rep. 514 ; *Balch* v. *Smith,* 7 H. & N. 706 ; *Hounsell* v. *Smyth,* 7 C. B. [N. S.] 729 ; *Crocker* v. *K. I. Co.,* 92 N. Y. 662 ; *Moore* v. *Gadsden,* 93 id. 12 ; *Knupfle* v. *K. I. Co.,* 84 id. 488 ; 105 id. 164, 170.) The exception taken by the plaintiff to the admission of Dr. Ranney's testimony is not well taken ; it was necessary for the plaintiff to establish that he came within the provision of section 834 of the Code. (*People* v. *Schuyler,* 106 N. Y. 298 ; *Edington* v. *A. L. Ins. Co.,* 77 id. 564.)

Danforth, J. This appeal must prevail.

There was, in the first instance, on the part of the plaintiff, evidence of a conclusive nature, and which, if credible, would amount to proof of the negligence alleged in the complaint as ground of defendant's liability. The place of injury was a public street and the defendant's car was running up town at an unlawful speed. The way was thus made dangerous to a wayfarer, the horses themselves rendered less manageable and the car more difficult to stop. There was also evidence of the same nature, derived from positive testimony and circumstances attending the transaction, from which it might be inferred that the plaintiff failed in no degree to exercise ordinary care. He was technically a trespasser upon another car of the defendant, a down town car, but then standing at the crossing, for he went upon it not intending to be a passenger, but to cross its platform in order to escape a truck which seemed coming down upon him. At that instant the conductor of the down town car stepped towards him in a threatening manner and kicked at him, and the boy, to avoid the kick, jumped from the platform. He did not see the car coming up; nor did he look for it; he alighted in the middle of its track and was run over. Except for this act of the conductor, the haste of the boy would seem heedlessness and his omission to look for an approaching car afford such evidence of carelessness as would be quite persuasive. But his conduct is to be weighed with that of the conductor; and for the act of the conductor the defendant is responsible. (*Clark* v. *N. Y., L. E. & W. R. R. Co.*, 40 Hun, 605; 113 N. Y. 670.) Whether the boy was in fact influenced by the threatened assault and how far obedience to the instinct of self-preservation from a visible danger should excuse his failure to look for another not then before him, were questions for the jury. The defendant could not escape the consequences of its own negligence by pointing to an act of the boy contributing to the accident, if his conduct was induced by the defendant, nor could the latter have the benefit of the boy's misjudgment or want of judgment, if the act of its agent threw him off his

balance.   The act of the conductor was not only a rude command to leave the car, but, as the result shows, was ill-timed. This seems to have been the view of the learned trial judge, for at the end of the plaintiff's case he denied the defendant's motion for a nonsuit, and it went into evidence.

At the conclusion of testimony from both parties, however, on motion of defendant's counsel, he directed a verdict for defendant.   In this there was error.·  The defendant's evidence was of no higher degree than that of the plaintiff, and at most conflicted with it.  Both depended upon the recollection and veracity of actors and eye-witnesses, and whatever might have been the opinion of the court as to its relative value, it was the right of the plaintiff to have the whole submitted to the consideration of the jury.   As that right was denied, the judgment should be reversed and a new trial granted with costs to abide the event.

All concur, except EARL and FINCH, JJ., dissenting, GRAY, J., concurring in result.

Judgment reversed.