### HOGAN *v.* CENTRAL PARK, N. & E. R. R. CO.

(*Superior Court of New York City, General Term.* November 3, 1890.)

HORSE AND STREET RAILROADS—EJECTION OF TRESPASSER—NEGLIGENCE.

Where the driver of a street-car, in attempting to put a boy off the car as a trespasser, acts in such a way as to cause the latter to believe that bodily punishment is about to be inflicted upon him, although no resistance is offered, it is not contributory negligence on the part of the boy to jump off the wrong side of the car while it is in motion, and to jump in front of the horses of a car coming in the opposite direction on an adjoining track.

Appeal from jury term.

Action by Thomas Hogan, as administrator, etc., against the Central Park, North & East River Railroad Company. There was a verdict for plaintiff for $1,600. From the judgment entered thereon defendant appeals.

Argued before FREEDMAN and TRUAX, JJ.

*Vanderpoel, Cuming & Goodwin,* for appellant. *Hays & Greenbaum,* for respondent.

FREEDMAN, J. The action was brought by the plaintiff as administrator of his infant son, John Joseph Hogan, deceased, for damages by reason of the death of the said John Joseph Hogan, occasioned by the alleged negligent and wrongful acts of the defendant. At the trial evidence was given upon which,

if credited, the jury could find that defendant's driver, in attempting to put the intestate off the car as a trespasser, acted in such a way as to cause the intestate to believe that bodily punishment was about to be inflicted upon him, although he offered no resistance, and that, consequently, within the rule laid down in *McCann* v. *Railroad Co.*, 117 N. Y. 505, 23 N. E. Rep. 164, it was not contributory negligence on the part of the intestate to jump off on the wrong side of the car on which he was stealing a ride, and to jump in front of the horses of a car coming in the opposite direction upon an adjoining track. In such a case the defendant's liability rests upon the rude and ill-timed act of the agent who attempts to put the trespasser off. This point was fairly submitted to the jury, and they were instructed to find for the defendant in case they should come to the conclusion that the attempt of defendant's driver to induce the intestate to leave the car involved no menace of bodily harm. Upon testimony which was conflicting, the jury determined the fact in favor of the plaintiff, and their verdict in this respect cannot be disturbed. The case seems to be fully controlled by the decision in *McCann* v. *Railroad Co*. It is even a stronger case for the plaintiff, for, while in the *McCann Case* the car from which the plaintiff was caused to jump was standing still, the proof in this case is that the car from which the intestate was caused to jump was kept moving. In view of that decision, none of the rulings of the learned judge who presided at the trial can be held to have been erroneous. The substance of the seventh request had already been charged, and, consequently, the refusal to charge otherwise than already charged, constituted no error. The judgment and order should be affirmed, with costs.