By the Court.—Freedman, J.
The action was brought by the plaintiff as administrator of his infant son John Joseph Hogan, deceased, for damages by reason of the death of the said John Joseph Hogan occasioned by the alleged negligent and wrongful acts of the defendant. At the trial evidence was given upon which, if credited, the jury could find that defendant’s driver, in attempting to put the intestate off the car as a trespasser acted in such a *324 way as to cause the intestate to believe that bodily punishment was about to be inflicted upon him although he offered no resistance, and that consequently within the rule laid down in McCann v. Sixth Av. R. R. Co., 117 N. Y. 505, it was not contributory negligence on the part of the intestate to jump off on the wrong side of the car on which he was stealing a ride, and to jump in front of the horses of a car coming in the opposite direction upon an adjoining track. In such a case the defendant’s liability rests upon the rude and ill-timed act of the agent who attempts to put the trespasser off. This point was fairly submitted to the jury and they were instructed to find for the defendant in case they should come to the conclusion that the attempt of defendant’s driver to induce the intestate to leave the car, involved no menace of bodily harm. Upon testimony which was conflicting, the jury determined the fact in favor of the plaintiff, and their verdict in this respect cannot be disturbed. The case seems to be fully controlled by the decision in McCann v. Sixth Ave. R. R. Co. It is even a stronger case for the plaintiff, for while in the McCann case the car from which the plaintiff was caused to jump, was standing still, the proof in this case is that the car from which the intestate was caused to jump, was kept moving. In view of that decision none of the rulings of the learned judge who presided at the trial, can be held to have been erroneous. The substance of the 7th request had already been charged, and consequently the refusal to charge otherwise than already charged, constituted no error.
The judgment and order should be affirmed, with costs.
Truax, J., concurred.