HOWARD J. ANSTETH, an Infant, etc., Respondent, *v.* BUFFALO RAILWAY COMPANY, Appellant.

Plaintiff, a boy ten years of age, who was stealing a ride on one of defendant's street railroad cars, stood, as he testified, upon the step of the front platform, holding to the handles upon the dashboard and on car. The conductor came out upon the platform, with one hand reached out toward plaintiff (he, as a witness, indicating the manner), and cried "hey." Plaintiff, frightened, let go of the handle on the dashboard and fell from the step in such a manner that the wheels of the car passed over one of his legs. In an action to recover damages a motion for a non-suit was denied, and a verdict rendered for plaintiff. *Held*, that it might be assumed, in aid of the judgment, that the act of the conductor was of such a nature as to justify the plaintiff in believing that he was about to receive punishment or bodily harm; and so, that this court could not interfere.

(Argued February 8, 1895 ; decided February 26, 1895.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo, entered upon an order made July 2, 1894, which affirmed a judgment in favor of plaintiff

entered upon a verdict and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Porter Norton* for appellant.   The court erred in not directing a non-suit in this action at the close of plaintiff's case; in any event, it should have directed a verdict in compliance with the defendant's motion at the close of defendant's case.   The plaintiff failed to maintain his case by a preponderance of proof.  (*Hale* v. *Smith,* 78 N. Y. 480; *Baulec* v. *N. Y. C. & H. R. R. R. Co.,* 39 id. 356; *Powers* v. *N. Y. C. & H. R. R. R. Co.,* 60 Hun, 19; 128 N. Y. 659; *Wilds* v. *H. R. R. R. Co.,* 24 id. 430–433; *Ernst* v. *H. R. R. R. Co.,* 39 id. 61; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.,* 58 id. 248; *Pixley* v. *T. A. R. R. Co.,* 1 J. & S. 407.)   The circumstances of the case clearly show that the alleged acts of defendant's conductor were not solely the cause of plaintiff's injuries.  (*Tucker* v. *N. Y. C. & H. R. R. R. Co.,* 124 N. Y. 317; *Friess* v. *N. Y. C. & H. R. R. R. Co.,* 67 Hun, 216; *Hogan* v. *C. P., N. & E. R. R. Co.* 124 N. Y. 647; *Kaare* v. *T. S. & I. Co.,* 139 id. 369.)   A non-suit should have been granted.  (*Coleman* v. *S. A. R. Co.,* 114 N. Y. 612; *Conly* v. *K. I. Co.,* Id. 108; *Clark* v. *E. A. R. R. Co.,* 36 id. 136; *Cordell* v. *N. Y. C. & H. R. R. R. Co.,* 75 id. 332; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.,* 58 id. 248.)   The verdict should be set aside, because illegal evidence was admitted, which was done against the objection of the defendant.  (*Anderson* v. *R., W. & O. R. R. Co.,* 54 N. Y. 334; *Albertis* v. *N. Y., L. E. & W. R. R. Co.,* 118 id. 77; *Hutchins* v. *Hutchins,* 98 id. 57.)

*Adolph Rebadow* for respondent.   The court properly submitted to the jury the question as to whether or not the defendant, through the act of its conductor, caused plaintiff's injury.  (*Bagley* v. *Bowe,* 105 N. Y. 171; *Ernst* v. *H. R. R. Co.,* 35 id. 9; *Wolfkiel* v. *S. A. R. R. Co.,* 38 id. 49;

*Sewell* v. *City of Cohoes*, 75 id. 53 ; *Payne* v. *T. & B. R. R. Co.*, 83 id. 574 ; *Casey* v. *N. Y. C. R. R. Co.*, 78 id. 518 ; *Hart* v. *H. B. Co.*, 80 id. 622 ; *Hume* v. *York*, 47 id. 639 ; *Baulec* v. *N. Y. C. R. R. Co.*, 59 id. 356.) The General Term having affirmed the judgment of the trial term, the court upon this appeal is limited in its examination to the question whether there is any evidence to sustain the verdict. (*Kaare* v. *T. S. & I. Co.*, 139 N. Y. 369 ; *People ex rel.* v. *French*, 92 id. 306 ; Code Civ. Pro. § 1337 ; *Kingsland* v. *Murray*, 133 N. Y. 170 ; *Bossout* v. *R., W. & O. R. R. Co.*, 131 id. 37 ; *Dwight* v. *G. L. Ins. Co.*, 103 id. 358 ; *People* v. *Lee*, 1 Wh. Cr. Cas. 364.) The question of contributory negligence was for the jury. (*McGovern* v. *R. R. Co.*, 67 N. Y. 417 ; *O'Mara* v. *R. R. Co.*, 38 id. 445 ; *Barry* v. *R. R. Co.*, 92 id. 290 ; *Shaw* v. *Jewett*, 86 id. 617 ; *Clark* v. *R. R. Co.*, 49 Hun, 605.) The jury having found as a matter of fact that plaintiff's injuries were occasioned solely through the acts of the conductor, committed in the business of the master, and within the general scope of his employment, the defendant's liability became fixed. (*Jackson* v. *S. A. R. R. Co.*, 47 N. Y. 274 ; *Hoffman* v. *R. R. Co.*, 87 id. 25 ; *Cohen* v. *R. R. Co.*, 69 id. 173 ; *Schultz* v. *R. R. Co.*, 89 id. 243 ; *Day* v. *B. C. R. R. Co.*, 12 Hun, 435 ; 76 N. Y. 593 ; *Higgins* v. *W. T. Co.*, 46 id. 23 ; Addison on Torts, 23 ; Smith on Mast. & Serv. 151 ; Story on Equity, 452 ; *Clark* v. *R. R. Co.*, 40 Hun, 605 ; 133 N. Y. 670 ; *McCann* v. *S. A. R. R. Co.*, 117 id. 505 ; *Rounds* v. *R. R. Co.*, 44 id. 129.) The verdict is not excessive, and should not be set aside upon that ground or reduced. (*Coleman* v. *Southwick*, 8 Johns. 51 ; *Minick* v. *City of Troy*, 19 Hun, 253 ; *Lyons* v. *R. R. Co.*, 57 N. Y. 490 ; *Dyke* v. *R. R. Co.*, 45 id. 113 ; *Wallace* v. *V. O. Co.*, 128 id. 579.)

HAIGHT, J. This action was brought to recover damages for injuries sustained by the plaintiff in alighting from one of defendant's street railroad cars on Plymouth avenue in the city of Buffalo on the 21st day of October, 1892.

The plaintiff was a boy ten years of age, and was at the time of the accident stealing a ride upon one of the defendant's cars. He stood, as he testified, upon the step of the front platform with one hand upon the handle of the dashboard and the other upon the handle on the corner of the car. While standing in this position the conductor passed through the car out upon the front platform, and with one hand reached out toward him (the witness indicating) and cried, "Hey!" At this he let go of the handle upon the dashboard, fell from the step, and his body swung around against the side of the car, he still holding to the handle upon the corner and in that position remained whilst the car proceeded ten or fifteen feet. He then dropped, falling by the side of the car in such a manner that the wheels passed over one of his legs.

Upon the trial motions for non-suit and for direction of verdict were made and denied.

In *Clark* v. *N. Y., L. E. & W. R. R. Co.* (40 Hun, 605 ; affd., 113 N. Y. 670) the plaintiff was a boy of the age of thirteen years. He caught on to the forward end of the caboose of a moving freight train. One of the company's employees saw him and dashed a cup of water in his face, causing him to fall from the car in such a manner as to have his knee crushed by one of the wheels. It was held that he could recover.

In *McCann* v. *Sixth Ave. R. R. Co.* (117 N. Y. 505) a boy, in crossing the street, whereon were two tracks of the defendant's road, in order to get out of the way of a truck passing upon the street, jumped on to the rear platform of a car which had stopped at the crossing, and, as he was passing across the platform, the conductor kicked at him, and, to avoid the kick, he jumped from the car, landing in the other track, without looking, and was struck by a car moving upon that track. It was held that a non-suit was improper.

In *Hogan* v. *Central Park, N. & E. River R. R. Co.* (124 N. Y. 647) a boy twelve years of age, was stealing a ride upon the rear platform of one of the defendant's cars, which

was managed by the driver alone. A number of boys had jumped on to the car for the purpose of stealing a ride, but at the command of the driver they all got off except the decedent, who continued to sit upon the left side of the rear platform. As the car crossed Second avenue another lad jumped on to the right side of the platform, for the purpose of obtaining a free ride, and thereupon the driver started towards the rear platform for the purpose of compelling the boys to leave the car, but before he reached them they jumped off, the plaintiff's intestate on the left side of the car, and in doing so fell under one of the defendant's cars running on the other track and was killed. The driver did not let go of his lines, with which he managed his horses, nor approach within several feet of the boys, nor threaten them with violence. It was held that the judgment in favor of the plaintiff should be reversed.

The plaintiff was a trespasser, and the defendant owed him no duty of protection. Its servants had the right to remove him from the car, but in doing so were required to subject him to no unnecessary hazard. They had no right to seize him and throw him from the car whilst it was in motion, or to so violently assault or frighten him as to cause him to fall from the car. In order to justify a recovery the act of the defendant's servant must have been improper, unnecessarily dangerous, the proximate cause of the injury, and done for the purpose of removing the plaintiff from the car.

As we have seen, the conducter went out upon the front platform, extended his hand toward the plaintiff, and cried out "Hey!" The boy tells us that it frightened him and that he fell off. The record does not give us much information with reference to the character of the act, whether it was violent or threatening. It does give us to understand that the witnesses indicated to the jury, by illustrating with the arm, the manner and character of the act. We consequently may assume, in aid of the judgment, that the act was of such a nature as to justify the plaintiff in believing that he was about to receive punishment or bodily injury.

The case may be close and upon the border, but we incline to the view that we cannot interfere.

The judgment should be affirmed, with costs.

All concur, except ANDREWS, Ch. J., and GRAY, J., dissenting.

Judgment affirmed.