questions of fact and properly submitted to the jury. We have examined the various exceptions to which our attention has been called by the appellant's brief, but have found none that would justify us in disturbing the judgment or that requires special consideration. Judgment and order affirmed, with costs. Present — Hardin, P. J., Martin and Merwin, JJ.

Frank L. Vosburgh, Respondent, v. George A. Armstrong and Another, Appellants. — Judgment and order affirmed, with costs.

The People of the State of New York, Appellant, v. Charles Ames, Respondent. — Interlocutory judgment reversed and the demurrer disallowed and proceedings remitted to the Court of Sessions of Oswego county.

John Darwin Barrett, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant. — Judgment and order affirmed, with costs. —

Per Curiam: A careful examination of the evidence contained in the appeal book has led us to the conclusion that the question whether the defendant was liable in this action under the doctrine of *Rounds* v. *D., L. & W. R. R. Co.* (64 N. Y. 129); *G. h-n* v. *D. D., E. B. & B. R. R. Co.* (69 id. 170); *Hoffman* v. *N. Y. C. & H. R. R. R. Co.* (87 id. 25); *McCann* v. *Sixth Ave. R. R. Co.* (117 id. 505); *Hogan* v. *C. P., N. & E. R. R. R. Co.* (124 id. 647); *Ans-teih* v. *Buffalo Railway Co.* (145 id. 210), and other kindred cases was a question of fact, was properly submitted to the jury and that its verdict should be upheld. Nor do we think that the judgment should be disturbed upon the ground that the plaintiff's recovery was excessive. In this case the plaintiff lost his right hand and one of his legs was seriously injured. After examining the evidence, which shows the extent and character of the plaintiff's injuries, we find no reason to believe that the jury was misled by passion or prejudice or was coerced by any improper influence. We have examined the various exceptions to which our attention has been called by the appellant in its brief, but have found none which requires us to reverse the judgment. Judgment and order affirmed, with costs. Present — Hardin, P. J., Martin and Merwin, JJ.

Julia T. Munroe, Respondent, v. Jacob Crouse and Another, Appellants, Impleaded with Others. — Judgment and order affirmed, with costs.

Hezekiah Howe and Others, Appellants and Respondents, v. William H. Clark and Others, Respondents and Appellants. — Judgment affirmed, without costs of the appeals to either party.

Hezekiah Howe and Others, Respondents, v. William H. Clark and Others, Appellants — Judgment reversed and a new trial ordered with costs to abide the event.

In the Matter of the Petition of Morris S. Lewis for Letters of Administration upon the Estate of Charles Wolff, Deceased; Morris S. Lewis, Appellant; John A. Rider, County Treasurer of the County of Broome, Respondent. — Decree or order reversed, with ten dollars costs and disbursements payable out of the estate. *Held*, that the petitioner was a creditor of the deceased within the provisions of section 2660 of the Code of Civil Procedure, and as such entitled to letters of administration in preference to the county treasurer.

Walter Walrath and Others, Appellants, v. William H. Abbott, Respondent. — Judgment reversed and a new trial ordered, with costs to abide the event. —

Appeal from a judgment entered upon the decision of the court at Special Term in favor of the defendant, dismissing the plaintiffs' complaint, with costs. —

Parker, J.; We do not think that the facts of this case are materially changed from those which appeared when the case was before us on a former appeal. (See 75 Hun, 445.) It is true that it now appears that the defendant did give the mortgage upon the premises required by order of the court to be given by him upon receipt of his conveyance of the lunatic's lands. It also appears that such mortgage passed into the custody and control of Walrath, the committee, and that the $500 mortgage against Nelson was given to and received by him as a payment thereon; that subsequently the balance due upon such purchase-money mortgage was paid to the committee in cash, and such mortgage discharged, but the question still remains whether the receipt by such committee of the worthless $500 mortgage against Nelson must be deemed a payment to that extent, upon the purchase price which the defendant contracted to pay. It is conceded that such purchase-money mortgage must be treated as real estate in the custody of the committee, and it is also plain that a committee has no authority to sell or dispose of a lunatic's real estate except by order of the court. (§ 2339, Code.) For that reason any act of the committee which practically operated to exchange the purchase-money mortgage, so in his custody, or any portion thereof, for another and a worthless one, was without authority and in excess of his powers. It would hardly be contended that if the committee without any order of the court had conveyed a farm of the lunatic's to the defendant in exchange for such mortgage, a title could be so acquired by defendant which he could hold against the lunatic or his heirs, nor that such a title could be sustained upon the theory that defendant had the right to presume that the committee had procured the proper order. And inasmuch as the committee had no more authority to dispose of this mortgage than he had to sell a farm, it is difficult to see how he could lawfully accept the transfer of any property in exchange for, or as a satisfaction of it. It is because this mortgage in the committee's hands must be considered as real estate, that the case of *Pickersgill* v. *Read* (5 Hun, 170) is not applicable. It was said by Justice Martin when the case was here before, that Walrath (the committee) being at most a mere agent of the court, had no power to discharge the defendant's indebtedness without actual payment. It was also there said that it was not apparent "how the defendant could discharge his liability to pay the purchase price by an assignment of a mortgage to Walrath, who was not authorized by the court to receive it." These remarks seem as applicable to the case now as they were then and seem decisive of this appeal. (75 Hun, 452.) Moreover, it is apparent from the facts now before us that both the defendant and the committee were ignorant of the worthlessness of the Nelson mortgage, hence the case is one of a mutual mistake of facts, and the receipt of the Nelson mortgage under such circumstances cannot be considered as payment on defendant's original debt. Such was the decision when the case was here before, and it is as applicable now as it was then. (See 75 Hun, 453, and cases there cited.) As to the right of these plaintiffs to maintain this action, that question was settled in their favor when the case was here before, and is not now an open one. We, therefore, conclude that the court below erred in holding that the purchase price had been fully paid and for that reason dismissing the plaintiff's complaint. The judgment should be reversed and a new trial granted, with costs