of the parties were of such a nature as to require the verdict of the jury to respond to the issues presented.

The learned justice presiding at the trial instructed the jury that they must fix the value of the property taken, and it was their duty to do this. Section 1726 of the Code of Civil Procedure. The instruction was ignored, however, and a general verdict rendered in favor of the defendant, upon which a judgment has been entered adjudging that the defendant recover the sum of $800.28, with costs, and that the defendant recover of the plaintiff the possession of the personal property described in the complaint. There is no way of ascertaining what the verdict represents. It should have shown whether defendant was a general or special owner, and, if it was intended as a general verdict in favor of the defendant on the ground that he was the owner, it was against the weight of the evidence. The verdict was irregular, and the refusal to grant plaintiff's motion for a new trial was error.

The judgment and order must therefore be reversed, and a new trial granted; costs to abide the final award of costs. All concur, except MILLER, J., who votes to reverse on the ground that the verdict is against the weight of evidence.

---

PRENDERVILLE v. CONEY ISLAND & B. R. CO.

(Supreme Court, Appellate Division, Second Department. March 19, 1909.)

1. CARRIERS (§ 282*)—TRESPASSERS ON CARS—DUTY OF COMPANY.

A boy riding on the running board of an open street car with intent to ride free was a trespasser to whom the company was not liable for injury on account of the conductor's act, unless it was improper, unnecessarily dangerous, and the proximate cause of the injury, and done to remove the boy.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 282;* Street Railroads, Cent. Dig. §§ 179, 180.]

2. CARRIERS (§ 282*)—TRESPASSERS ON CARS—INJURY—LIABILITY.

That a trespassing boy, riding on the running board of an open street car, became frightened and fell from the car when the conductor came towards him rapidly with both hands extended, shows no liability against the company.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 282;* Street Railroads, Cent. Dig. §§ 179, 180.]

Hirschberg, P. J., and Woodward, J., dissenting.

Appeal from Trial Term, Kings County.

Action by James Prenderville, Jr., by James Prenderville, his guardian ad litem, against the Coney Island & Brooklyn Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

I. R. Oeland (Owen N. Brown, on the brief), for appellant.
S. D. Morris, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J. The plaintiff, a child nine years of age at the time of the accident, and two other boys, were walking along the line of defendant's tracks between Brooklyn and Coney Island, when an open car on defendant's road overtook them and stopped to take on a passenger. The running board on the left-hand side was not in use, and was folded up against the side of the car. Before the car started plaintiff, with the intention of taking a free ride, climbed upon this running board, and, standing on its edge, held on to a bar or rail that ran across the side of the car. The car started, and had passed over a distance testified to by different witnesses as being from 50 to 200 feet, when the plaintiff fell off and received the injuries for which he has recovered. His version of the accident is that the conductor came towards him very fast, between the seats of the car, with both hands extended towards him, in consequence of which he became frightened and fell. He testifies: That he first saw the conductor when he was coming towards him three to four feet away, when he fell off; that the conductor did not say anything to him, did not have anything in his hands to throw at him, did not speak or make any remarks to him, and did nothing except come towards him with his hands extended in front of him at a little above right angles from his body. In this version he is corroborated to a greater or lesser extent by his two companions, although one of them testifies twice that he did not see the conductor before the plaintiff fell off. This was the testimony as to the manner in which the accident occurred, given in behalf of the plaintiff. Counsel for the defendant moved to dismiss the complaint upon the grounds that there was no negligence shown on the part of the defendant and no act of the conductor which would justify plaintiff in assuming that he was about to be assaulted, or which justified him in attempting to jump from the car. The motion was denied and an exception taken.

I think this presents reversible error. The plaintiff was a trespasser, and his right of recovery rests entirely upon the question of whether or not the evidence established facts from which a jury would be warranted in finding that the act of the conductor was improper, unnecessarily dangerous, the proximate cause of the injury, and done for the purpose of removing the plaintiff from the car. Ansteth v. Buffalo Railway Co., 145 N. Y. 210, 214, 39 N. E. 708, 45 Am. St. Rep. 607. In the case of Rounds v. D., L. & W. R. R. Co., 64 N. Y. 129, 21 Am. Rep. 597, cited by the respondent, the plaintiff, who was ordered off the car, protested because of the close proximity of wood piled along the track, so near to the car as to render an attempt to get off dangerous, and was thereupon kicked off by a baggageman. In the case of Clark v. N. Y., L. E. & W. R. R. Co. 40 Hun, 605, the plaintiff was assaulted by having water thrown in his face, in an attempt to remove him from the platform of a caboose on which he was riding, and in the case of Ansteth v. Buffalo Railway Co., supra, the conductor raised his hand towards plaintiff and hallooed at him.

In the case, at bar, there was no assault, no order to get off the car. The conductor had not spoken to the plaintiff, and, so far as the evidence disclosed, had not by act or word indicated that he knew

the plaintiff was on the car, or that he had any intention of putting him off. This was insufficient to justify a belief on the part of the plaintiff that he was about to be injured, and he does not testify that he had such belief. He simply says he "got frightened and fell off." Plaintiff's conduct was voluntary and intentional. He released his hold upon the bar for the purpose and with the intention of jumping off the car, and his foot tripped or slipped on the running board in the effort. It was a conscious and voluntary act, and there was no evidence which would call for the submission to the jury of the question as to whether there was such a willful and wanton disregard of human life and personal safety on the part of the conductor as to make defendant liable to the plaintiff, who was a trespasser, knowing and appreciating the danger he was subjecting himself to when he boarded the car, and a nonsuit ought to have been granted.

The judgment and order must be reversed, and a new trial granted; costs to abide the event.

JENKS and MILLER, JJ., concur.   HIRSCHBERG, P. J., and WOODWARD, J., dissent.

I. R. Oeland (Owen N. Brown, on the brief), for appellant.
S. D. Morris, for respondent.

