Desmond, J.
This negligence action was brought because of the injuries suffered by the infant plaintiff Vincent Lo Casto, who at the time of the accident was six years old. The trial resulted in jury verdicts for Vincent and his father. However, the Appellate Division unanimously reversed the judgment for plaintiffs on the law although affirming the facts. The Appellate Division’s memo, after stating that the findings of fact were affirmed, went on to say: ‘1 The infant was a trespasser who was injured when he slipped and fell from a moving freight car. There was no affirmative act of negligence on the part of the appellant which caused the injury ”. The rest of the brief Appellate Division statement consisted of citations to several decisions to which we will refer later in this opinion. One of them was Ralff v. Long Is. R. R. Co. (266 App. Div. 794, affd. 292 N. Y. 656). In the Ralff case, as here, the Appellate Division, after a verdict for the infant plaintiff, reversed on the law alone and dismissed the complaint. The Ralff facts were almost identical with" the present ones. The only difference suggested by plaintiffs’ counsel is that in the present case the infant plaintiff heard and saw defendant’s employee shouting to plaintiff to 1‘ get off ’ ’ the car while in the Ralff case the plaintiff testified that he did not see the flagman but merely heard him shouting to ‘1 get off ’ ’. That could not make any difference in the result. The theory of the Ralff dismissal as expressed in the Appellate Division opinion in that case was: 11 The infant was a trespasser to whom the defendant owed no duty other than to refrain from affirmative acts of negligence, or from willfully and intentionally injuring him. The mere calling to a trespassing boy to get off, unaccompanied by violence or any overt act showing an intention to use force, does not constitute affirmative or willful negligence ” (266 App. Div. 794, supra). The Appellate Division opinion in Ralff cited Ansteth v. Buffalo Ry. Co. (145 N. Y. 210) where the same rule was stated by this court but a judgment for plaintiff Ansteth was affirmed on the ground that the act of the conductor in coming on to the car platform with the boy and reaching for the boy “ was of such a nature as to justify the plaintiff in believing that he was about *473 to receive punishment or bodily injury.” That element was not in the present case since testimony for the plaintiff was that the man who shouted to him was ‘ ‘ far back ’ ’ on the train. Other evidence hereafter referred to leaves it undisputed that the man who shouted to our plaintiff was several cars away from the latter.
This accident occurred on the afternoon of July 30,1951 in the large (two or three blocks long) Johnson Avenue Team Yard of defendant Long Island Rail Road Company in Brooklyn. Through an open gateway this infant plaintiff Vincent Lo Casto and his seven-year-old brother Salvatore and another boy came into the yard from Bushwick Place. The boys lived nearby and had played in this railroad yard on a few other occasions. After walking into the yard for a distance that Vincent estimated as two blocks, and being stopped by no one, the boys came to a long train consisting of about eight cars and an engine. The three, children' then climbed onto ladders which were on the end and side of one of the boxcars in the middle of the train. The train then started to move in the direction of the Bushwick Place entrance. Plaintiff heard a man yell ‘ ‘ Get off, get off the train ’ ’ and saw the man running toward him from another point on the train. It is clear from the record that the railroad employee who shouted to the boys was hanging onto the end car of the train three or four cars away from where the boys were. The sequence of events as testified to by both plaintiff Vincent Lo Casto and his brother Salvatore Lo Casto was: they climbed on the ladder, the train began to move, a man three or four cars away yelled “ Get off, get off the train ” and began to run toward them, and Vincent “ got scared ” and fell or slipped off the ladder and his foot went under a car wheel causing severe injuries. Plaintiffs put into evidence the deposition of a railroad employee named Parrott who was working that day on the head car next to the engine of this train and who said that he had seen children in the yard that day and every day. He testified that the first time he saw plaintiff Vincent Lo Casto the latter was crawling under cars but that he (Parrott) said nothing at that time to the boy and did not see the boy again until after the accident. This witness said that he saw no policemen around the yard that day and that there were no watchmen at the Bushwick Place entrance except one man who covered *474 that and another nearby location. Another railroad employee (Crockett) testified in a deposition put in by plaintiff that he had seen children playing around these cars for 5 or 10 minutes before the accident and that he chased some of them. Crockett’s testimony left it unclear as to whether he was the man who shouted at the child.
Defendant put in some proof, which is not material to the question of the propriety of the dismissal of the complaint, as to a number of railroad policemen operating in this and another yard, as to this infant plaintiff having been warned two months before this accident to keep away from the yard because of the danger, and of this plaintiff having been taken home by railroad policemen and warned in the presence of his parents. The young plaintiff was asked about this warning and said that he did not remember it. Neither his father nor his mother was called to the stand to deny it.
The controlling law was restated in Carbone v. Mackchil Realty Corp. (296 N. Y. 154, 158) as follows: “ ‘ Toward mere trespassers or bare licensees the rule is well settled that the only duty owing to them by the owner or occupier of land is to abstain from inflicting intentional, wanton or wilful injuries unless he maintains some hidden engine of destruction ’ ’ ’. The Carbone opinion cites many other holdings and the existence of the rule is not really disputed.
A more recent case applying identical facts was Van Houten v. New York, N. H. & H. R. R. Co. (2 N Y 2d 739). The testimony there was that the boy and another companion were atop a freight car; two men on the ground yelled 1 ‘ Get off ’ ’ and one waved a hand or fist; the boys ran along the top of two or three cars, then crawled along the top of one car under a bridge; then the train began to move and one of the boys was caused to fall and to come into contact with a high-voltage wire. The holding of that case was that, even assuming that the men who shouted were railroad employees, their actions could not be said to violate the duty owed to a trespasser under these circumstances so as to make their employer respond in damages. Their acts could be viewed as the reasonable and proper action to be taken by them under these circumstances. The Van Houten boy had brought an earlier action against the Long Island Rail Road Company on the same facts. A trial court dismissal of that *475 earlier suit was affirmed by the Appellate Division (279 App. Div. 1099) and we denied leave to appeal (304 N. Y. 990). In Scholl v. New York Cent. R. R. Co. (3 N Y 2d 989) the same rule was again applied on somewhat different facts.
Plaintiffs’ counsel asked the court to charge that these plaintiffs might recover under the theory or doctrine of ‘1 last clear chance ’ ’. The court declined and there was marked in evidence and handed up to us on the argument a handwritten copy of what plaintiffs wished the court to charge in this connection. That rule had no application to these facts since the finding below was, and the law of the cases is, that defendant’s employees did what was reasonably necessary to avoid injury to plaintiff.
The judgment appealed from should be affirmed, without costs.