Chief Judge Conway (dissenting).
We agree that the infant plaintiff having entered upon the defendant’s premises without invitation was a trespasser and that the defendant had no affirmative duty to make the place safe for him. However, there is also the rule enunciated in Ansteth v. Buffalo Ry. Co. (145 N. Y. 210) that the defendant railway’s servants upon discovering the trespasser may not willfully, improperly and unnecessarily act toward him so as to cause him injury. Thus, despite this child’s status as a trespasser, it is apparent that defendant had no privilege to commit affirmative wrongful acts toward him as an individual.
The accident occurred in the large (two or three blocks long) Johnson Avenue Yard of defendant. Through an open gateway, with no one in attendance, the infant plaintiff, six years of age, his seven-year-old brother Salvatore, and a third boy came into the yard from Bushwick Place. The boys lived nearby. After walking into the yard for a distance of two blocks and being stopped by no one, these three children reached a long train with an engine and about eight cars. They climbed upon ladders on one of the boxcars in the middle of the train. One of the employees of the defendant had been working that day on the head car next to the engine. He said he had seen children in the yard earlier that same day and had seen children playing in the yard every day. He said that the first time he saw the plaintiff Vincent, the latter was crawling under cars but that he said nothing at that time to this six-year-old boy. That employee said that he saw no company policeman around the yard that *476 day and that there was no watchman at the Bushwick Place entrance, except that there was a watchman who covered that and another nearby location.
In our evaluation of the facts, we must remember that each case in this area of the law depends upon its peculiar circumstances and that negligence is relative to time, place and circumstance. Our court said in Sadowski v. Long Is. R. R. Co. (292 N. Y. 448, 455): “ Essentially, what is negligence in a given case is a question of fact. Each case depends upon its own peculiar circumstances. Decisions in other actions in which damages are sought for personal injuries furnish no criterion or guide for determination of what is or is not negligence in a particular case involving its own peculiar facts and circumstances. Under circumstances existing in one case the ordinary care required might not be the same as that required under other circumstances. Negligence arises from breach of duty and is relative to time, place and circumstance ’ ’. The circumstances of this case disclose a six-year-old child clinging for dear life to a ladder on the side of a moving freight car. Defendant’s employee yelled an order to the child to get off, a feat which would be dangerous to an inexperienced adult let alone a six-year-old child. In addition, the plaintiff testified that he saw the man who shouted the order running toward him, apparently to implement his directive that the child perform the dangerous operation. The infant “ got scared” and fell or slipped off the ladder with his foot going under the wheel. If the employee, a grown man possessing the air of authority which adults generally have over small children particularly when they are discovered in danger, had made the child climb upon a dangerous obstacle, or walk a dangerous path without assistance, no one would dispute that such acts would constitute willful, affirmative negligence. Here is essentially the same wrong—a terse, shouted command to leave a moving freight car with emphasis supplied by running toward the subject of the order. Part of the functions of the railroad men involved was to signal the engineer to stop and start the train in their occupation of switching and forming lines of freight cars. They could easily have signalled a halt rather than frightening the child into falling from a moving freight train. This is to be distinguished from Van Houten v. New York, N. H. & H. R. R. Co. (286 App. *477 Div. 875, affd. 2 N Y 2d 739) where the men shouted at the boys to get off the freight car while it was standing still and the boys persisted in running along the top of the train. Nor is this a case like Ralff v. Long Is. R. R. Co. (266 App. Div. 794, affd. 292 N. Y. 656) where the flagman who was two or three cars away merely shouted at the injured boy and where the boy did not even see the flagman. Instead the instant case is one where the defendant’s employee, by word and deed, affirmatively frightened a six-year-old child into falling or slipping from a moving freight train, thus causing grave injury to the child. After giving the plaintiff, as we must, the benefit of every reasonable inference which may be drawn from the evidence (see Stein v. Palisi, 308 N. Y. 293; Sagorsky v. Malyon, 307 N. Y. 584), we are of the view that there was sufficient evidence to make out a case of willful negligence against the defendant. Accordingly, the judgment of the Appellate Division should be reversed and the judgment of the Supreme Court, Trial Term, should be reinstated, with costs.
Judges Dye, Fuld, Van Voorhis and Burke concur with Judge Desmond; Chief Judge Conway dissents in an opinion in which Judge Froessel concurs.
Judgment affirmed.