Joseph L. KANALEY, an Infant over Fourteen Years of age, by Leola P. Kanaley, his duly appointed Guardian ad Litem, Plaintiff-Appellant,

v.

DELAWARE, LACKAWANNA & WESTERN RAILROAD CO., Inc., Defendant-Appellee.

No. 17, Docket 25439.

United States Court of Appeals Second Circuit.

Argued Oct. 15, 1959.

Decided Nov. 12, 1959.

Gordon H. Mahley, Syracuse, N. Y. (H. O. Beach, Oswego, N. Y., Rice & Auser, Fulton, N. Y., on the brief), for plaintiff-appellant.

Raymond Hackbarth, Syracuse, N. Y. (Mackenzie, Smith, Lewis, Michell & Hughes, Syracuse, N. Y., on the brief), for defendant-appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and SMITH, District Judge.

PER CURIAM.

Plaintiff, an infant over the age of fourteen years, by his guardian appeals

from a judgment dismissing the complaint at the close of plaintiff's case for failure to prove negligence and failure to prove plaintiff free from contributory negligence. The action originally commenced in the Supreme Court for Oswego County (New York) was removed to the federal court (28 U.S.C.A. §§ 1332, 1441).

There is virtually no dispute as to the material facts. On April 6, 1957, plaintiff, with two friends, was walking along a public highway in the City of Fulton, New York. A freight train, operated by defendant, was slowly crossing the street. One of plaintiff's friends jumped on one of the cars; plaintiff jumped on a ladder on the car directly behind. Plaintiff was holding a basketball under his right arm. As the car passed the freight house, plaintiff came into contact with the building causing him to jump to a ledge on the side of the building. Still holding the basketball, he attempted to leap again onto the car but fell to the tracks where the wheels ran over his right arm necessitating amputation.

█ █ Under the law of New York (applicable here) plaintiff was a trespasser to whom defendant would be liable only for wanton and reckless conduct or, as sometimes phrased, an affirmative act of negligence.[1] This rule has been consistently adhered to by the New York courts, the exception being situations in which the defendants were guilty of some affirmative act of negligence, such as, threatening gestures causing children to jump from moving trains[2] or permitting deceptive traps (e. g., a flimsy wooden cover over a deep hole) to present an appearance of solid support.[3]

█ In a most recent decision, Lo Casto v. Long Is. R. Co., 6 N.Y.2d 470, 190 N.Y.S.2d 366, 160 N.E.2d 846, July 8, 1959, the New York Court of Appeals reaffirmed the law applicable here, saying: "The controlling law was restated in Carbone v. Mackchil Realty Corp., 296 N.Y. 154, 158, 71 N.E.2d 447, 449, as follows: ' "Toward mere trespassers or bare licensees the rule is well settled that the only duty owing to them by the owner or occupier of land is to abstain from inflicting intentional, wanton or willful injuries unless he maintains some hidden engine of destruction" '. The Carbone opinion cites many other holdings and the existence of the rule is not really disputed" (6 N.Y.2d at page 474, 190 N.Y.S.2d at page 369, 160 N.E.2d at page 848.

█ Accepting all the facts established here by plaintiff, the trial court correctly determined that they were insufficient to establish a cause of action in plaintiff's favor. This decision is in conformity with New York law, well summarized in Gloshinsky v. Bergen Milk Transportation Co., 1938, 279 N.Y. 54, at page 59, 17 N.E.2d 766, at page 768: "There are no conflicting inferences to be drawn from the testimony. But a single determination is possible from the facts and that is that the boy exercised no care at all for his own safety, and under those circumstances, as a matter of law, the plaintiffs failed to sustain the burden resting upon them to show that he was free from negligence con-

1. Lo Casto v. Long Is. R. R. Co., 1959, 6 N.Y.2d 470, 190 N.Y.S.2d 366, 160 N.E. 2d 846; Van Houten v. New York, N. H. & H. R. Co., 1956, 2 N.Y.2d 739, 157 N.Y.S.2d 376, 138 N.E.2d 737; Van Houten v. Long Island Railroad Co., 2nd Dept. 1952, 279 App.Div. 1099, 112 N.Y.S. 2d 678; Carbone v. Mackchil Realty Corp., 1946, 296 N.Y. 154, 71 N.E.2d 447; Ralff v. Long Island Railroad Co., 2nd Dept. 1943, 266 App.Div. 794, 41 N.Y.S. 2d 620, affirmed 1944, 292 N.Y. 656, 55 N.E.2d 518; Morse v. Buffalo Tank Corp.,

1939, 280 N.Y. 110, 19 N.E.2d 981; Walsh v. Fitchburg R. Co., 1895, 145 N.Y. 301, 39 N.E. 1068, 27 L.R.A. 724.

2. Clark v. N. Y., L. E. & W. R. Co., 1889, 113 N.Y. 670, 21 N.E. 1116; McCann v. Sixth Ave. R. Co., 1889, 117 N.Y. 505, 23 N.E. 164; Ansteth v. Buffalo Railway Co., 1895, 145 N.Y. 210, 39 N.E. 708.

3. Le Roux v. State, 1954, 307 N.Y. 397, 121 N.E.2d 386, 46 A.L.R.2d 1063; Mayer v. Temple Properties, 1954, 307 N.Y. 559, 122 N.E.2d 909.

tributing to his injuries," citing Wendell v. N. Y. C. & H. R. R. Co., 1883, 91 N.Y. 420, and Camarado v. New York State Railways, 1928, 247 N.Y. 111, 159 N.E. 879.

The judgment is affirmed.