[No. 17786. Department One. July 20, 1923.]

HERMAN VON SAXE, JR., *by his Guardian ad Litem
Herman Von Saxe, Appellant,* v. JACOB E.
BARNETT *et al., Respondents.*[1]

NEGLIGENCE (22) — CONTRIBUTORY NEGLIGENCE — CHILDREN — PRE-
SUMPTIONS. A child five years and four months of age is not capable
of contributory negligence, as a matter of law, and it is error to
submit the issue of his capacity to the jury, notwithstanding he
may have been well schooled in the fear of automobiles upon the
streets of a large city.

SAME (22). Since the doctrine of contributory negligence rests
upon the public policy of requiring persons to be responsible for
their own acts, it does not apply to a child of such tender years as
to be incapable of deliberating or· acting upon its own experience
and judgment.

SAME (22)—CHILDREN—INSTRUCTIONS. Where a child suddenly
darted in front of defendant's car when it was only three feet away,
an instruction upon an issue as to whether the accident was un-
avoidable was not objectionable on the ground that it was unwar-
ranted by the facts.

SAME (22)—MUNICIPAL CORPORATIONS (390, 391)—CONTRIBUTORY
NEGLIGENCE—INSTRUCTIONS. In an action for personal injuries to a
child of such tender years as to be incapable of contributory negli-
gence, who was injured when he darted in front of defendant's auto-
mobile between street intersections, instructions as to the use by
pedestrians of the ;street between intersections, under a city ordi-
nance prohibiting the same, are not applicable or proper.

[1]Reported in 217 Pac. 62.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 26, 1922, upon ·the verdict of a jury rendered in favor of the defendants, in an action for personal injuries sustained by a minor struck by an automobile. Reversed.

*Arthur G. Cohen, Samuel R. Stern,* and *Max Hardman,* for appellant.

*Poe, Falknor & Falknor,* for respondents.

Holcomb, J.—Appellant, a minor, through his guardian *ad litem,* sued to recover damages for injuries sustained on account of being struck by an automobile driven by the respondent husband, Jacob E. Barnett. At the time of the accident, appellant was five years and four months old. He was struck by an automobile belonging to· respondents, on Boren avenue, while he was crossing in a westerly direction between Spring and Madison streets, Seattle, the respondent's automobile approaching from the north. The negligence charged was that the automobile was operated at a high and dangerous and unlawful rate of speed, greater than twenty miles per hour, in a thickly settled portion of the city; that the driver of the car failed to drive it in a careful and prudent manner and at a reasonable rate of speed, having due regard for the traffic and so as not to injure life, limb and property, and that the driver failed and neglected to sound any signal device or warning where there was danger of collision, and failed to drive his car as near the right-hand curb of the street as possible, and that all these matters constituted violations of the ordinances of the city of Seattle as pleaded. The nature of the injuries were then pleaded.

The answer, besides denying the allegations of the complaint, pleaded affirmatively that appellant had

been guilty of contributory negligence. A motion to strike the plea of contributory negligence contained in the answer was sustained by the judge that settled the pleadings. On trial, however, the trial judge submitted the question of the capacity of the appellant and his contributory negligence to the jury.

While there was conflicting testimony, the evidence as to the negligence of respondents was sufficient to take the case to the jury.

The trial court admitted evidence as to the capacity of the child, and instructed the jury that the question of the capacity of the child and of its acts constituting contributory negligence were questions of fact for them to determine.

The evidence as to the capacity of the child was given by his father, and to the effect that the child was five years and four months old at the time of the accident. He had been going to kindergarten prior to the accident for about a year, and had to cross Marion, Summit, Spring, Seneca, University and Union streets in going to and from kindergarten. The father had always cautioned the child about the danger of automobiles and the child was always very careful. He appreciated the danger of automobiles and knew that they would hurt him, and that it was dangerous to cross the street without looking. He had been cautioned to that effect from the time he was three years old. He was observed frequently to look both sides of the street before crossing. ·

In view of this testimony, respondent insists that the boy's intelligence, previous experience on well-traveled highways, understanding the dangers involved, and of the caution necessary to be exercised in avoiding them, justified the submission of the question of his contributory negligence to the jury. The evi-

dence as to the contributory negligence of the child was that, while playing at the side of the street with two other boys, he had darted from behind the screen of a standing automobile at a point between street intersections, directly in front of, and not more than three feet distant from, respondents' car as it approached.

We have several times indicated, although *obiter* in some, at least, of the cases decided, that a child of such tender years is incapable of contributory negligence. In *Gregg v. King County*, 80 Wash. 196, 141 Pac. 340, Ann. Cas. 1916C 135, we stated: "In the absence of evidence to the contrary, a child of six or seven years of age is everywhere presumed to be incapable of contributory negligence," citing 1 Shearman & Redfield on Negligence (6th ed.), § 73-A; and in *Kelley v. School District No. 71*, 102 Wash. 343, 173 Pac. 333, it was said:

"The plaintiff was nine years of age. It may be doubtful we think, whether a child of her tender years could, in any event, be held to the doctrine of assumption of risk or contributory negligence."

Also, in *Olson v. Payne*, 116 Wash. 381, 199 Pac. 757, we stated:

"Many, and probably a majority, of the courts of this country have held that a child five or six years of age or under, cannot, but that a boy of ten or twelve years of age may, under some circumstances, be guilty of such contributory negligence as will preclude recovery for his injury."

We have several times held, in cases involving children of from seven to fourteen years, that the question of the capacity of such child was a question of fact and not of law, since the presumption of incapability did not attach at such ages. *Mitchell v. Tacoma R. & Motor Co.*, 9 Wash. 120, 37 Pac. 341 (child of eight

years and four months); *Roberts v. Spokane Street R. Co.,* 23 Wash. 325, 63 Pac. 506, 54 L. R. A. 184 (boy of ten years and nine months); *Boyer v. Northern Pac. Coal Co.,* 27 Wash. 707, 68 Pac. 348 (boy of thirteen years and seven months of age, on the question of the assumption of risk). And we held in the *Boyer* case, *supra,* that:

"There can be no fixed period when a minor may be held, as a matter of law, to appreciate danger which may surround him. His appreciation of danger will depend more upon his intelligence and experience than upon his age. . . . So that the question of age, when compared with natural intelligence and past experience, may have very little influence in determining the ability of a minor to appreciate danger. . . . the question whether or not the minor appreciated the danger to which he was subjected is usually a question of fact for the jury, under proper instructions,—not a question of law for the court."

Those principles were applied, however, to children of more mature age, where the presumption of incapacity was rebuttable and might be removed by evidence.

In *Johnson v. Bay City,* 164 Mich. 251, 129 N. W. 29, 29 Ann. Cas. 1912B 866, the court said:

"At the time of the injury plaintiff was five years and four months old. We are of the opinion that an infant of this extremely tender age cannot be charged with contributory negligence. There comes a time in the life of every child, when the doing of an act which results in injury to itself may be said to be negligent, as a matter of law; and there is a period between that time and extreme youth when the question of whether or not the child had sufficient intelligence to appreciate the dangerous consequences liable to flow from its act becomes one for the jury. We believe, however, that all reasonable minds would agree that an infant but little more than five years of age could not have suf-

ficient intelligence to be charged with negligence, either as a matter of law or as a matter of fact. It may be difficult, perhaps impossible, to point out the exact age at which the question becomes one for the jury, but it is, we think, clear that it has not arrived at five years and four months."

A very thorough and exhaustive brief upon the question of contributory negligence of children at various ages is found in the notes to *Schoonover v. Baltimore & Ohio R. Co.*, 69 W. Va. 560, 73 S. E. 266, L. R. A. 1917F 1, from West Virginia, the notes extending from page ten of the volume of L. R. A. to page 203. The citations to the cases from the various jurisdictions show that in a great many states a child under seven is held incapable of negligence, and in many more states a child under six. While there are other ages, usually six or seven, after reaching which it becomes *prima facie* presumption only and may be rebutted by evidence of unusual natural capacity, physical condition, training, habits of life, experience, surroundings, and the like. This *prima facie* presumption continues until it reaches another age, usually fourteen, after which the presumption changes and the burden is on the infant to show want of capacity. See *Birmingham & Alabama R. Co. v. Mattison*, 166 Ala. 602, 52 South. 49; *Chicago City R. Co. v. Wilcox*, 138 Ill. 370, 27 N. E. 899, 21 L. R. A. 76.

The courts of most of the states have not recognized the doctrine of *prima facie* presumption of capacity on the part of a child to contribute negligently to an injury as continuing beyond the age of seven or eight years, and in some cases they distinctly repudiated the proposition that such incapacity should continue to the age of fourteen years. That is the state of the law in this state under the cases cited.

The editors of the notes to L. R. A. 1917F, *supra,* at page 57 of their notations, say:

"In cases of injury to children between five and six years of age, the correct rule would seem to be that the doctrine of conclusive presumption of incapacity should apply. This is true not so much because the child is lacking in knowledge as because it is lacking in judgment and discretion. It may know, for example, that if run over by a street car or team injury will probably result, but the probability of such accidents if it fails to exercise care, and the possible extent of the injury, in case a collision occurs, are not to any considerable degree appreciated."

To the above observations we may add that it is manifestly evident that a child of five years and four months, notwithstanding he may have been well schooled into the fear of automobiles and other dangers upon the streets of a large city, cannot possibly have sufficient knowledge and information to know on which side automobiles should run; or whether he had the right to go upon the pavement between street intersections from behind other vehicles; how fast a vehicle may be approaching; or remember, when in play, the various admonitions that had been instilled in his mind. At such an age a child is a creature of impulse and impetuosity. It has no habits of deliberation and forethought. While at play it might remember none of the warnings that had been given.

The application of the doctrine of contributory negligence, in any event, is but the result of public policy, in order that all may remember their own situation and be responsible for their own acts, and not thrust all the responsibility upon others. It should have no application to a child of tender years, and can have no application except in those cases where, as we have held, the child was of sufficient years, knowledge,

experience, intelligence, judgment and discretion to be capable to some extent of deliberating and acting upon its own experience and judgment.

The superior court should, therefore, have decided, as a matter of law, that appellant, a child of five years and four months, was incapable of contributory negligence.

Appellant also complains of instruction No. 6 given by the court, to the effect that, if the jury found that the defendant was proceeding at a rate of speed which was negligent and unlawful, but that the boy suddenly, and without warning, jumped from behind a screening or obstructing automobile into the street and in front of defendants' oncoming auto, in such close proximity and under such circumstances as that the accident would have happened whether the defendant was proceeding at. a lawful and careful rate of speed or at an excessive rate of speed, then in such case the rate of speed would not be the proximate cause of the accident, for, if the jury should find that the accident was the unavoidable result of the boy jumping suddenly out in front of the oncoming car, and would have happened even if the respondent had been proceeding in a cautious and careful manner, then respondent could not be found liable.

No arguments are made to sustain this claim of error, except that the instruction does not apply.to the facts. On the contrary, the facts as testified to by respondent justified the instructions. His testimony was that the boy suddenly darted out from behind or between standing automobiles when the car of respondent was about three feet away, and that respondent did not see and could not have seen the boy until he suddenly darted out. *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684.

Errors are also claimed on the giving and refusing of certain instructions as to the use of the streets by vehicles and pedestrians on and between street intersections. The ordinance as to the use of streets between street intersections was before the court, which provides that pedestrians shall not step into the portion of the street upon which is moving traffic between street intersections, where their persons would be obscured from the vision of approaching traffic by a vehicle or other obstruction at the curb, etc. Under this ordinance, if appellant were to be held accountable for contributory negligence, the instruction was correct, but since we hold that appellant is not so accountable, the instruction is improper.

The only questions to be determined by the court and the jury on a new trial are the questions of the actionable negligence of respondent and the recovery of appellant, if any such negligence is found.

Reversed and remanded.

Bridges, Mackintosh, and Mitchell, JJ., concur.

Main, C. J., concurs in the result.