ALBANY CAMARDO, an Infant, by HENRY D. QUINBY, JR., His Guardian ad Litem, Appellant, *v.* NEW YORK STATE RAILWAYS, Respondent.

**Negligence — railroads — streets — children playing in street — motorman not chargeable with negligence as matter of law for failing to anticipate that child might run in front of car — question of defendant's negligence properly left to jury — rule that plaintiff has burden of proving freedom from contributory negligence applies alike to adult or infant — care required of immature child — no age fixed at which particular degree of care may be expected as matter of law — child non sui juris as matter of law only when no other reasonable inference is permissible — whether child four years and ten months old non sui juris properly left to jury.**

1. It is not unlawful for children to play in the street but it may not be said, as matter of law, that they have the right to play in the part of a street where street cars are operated and motor vehicles are passing; nor can it be said, as matter of law, that a motorman *ought* to have anticipated that children would play in the street and might run in front of a moving car.

2. In an action, therefore, to recover for injury to a child, through her being struck by a street railway car, while running across the street, where there was evidence to sustain an inference that the motorman could not have avoided the accident by the exercise of caution, the question of defendant's negligence was properly left to the jury.

3. The plaintiff in an action for personal injuries always has the burden of proving freedom from contributory negligence. That rule applies alike whether the plaintiff is an adult or an infant.

4. The care which may reasonably be exacted of an immature child must be measured by a standard which a child may reasonably be expected to attain. A child is not guilty of contributory negligence if it has exercised the care which may reasonably be expected of a child of similar age and capacity.

5. A recovery may be had, however, for injuries inflicted upon a child by the negligence of another, only where an inference may be drawn from the evidence presented in the particular case that no failure on the part of the child to exercise the care which might reasonably be expected of a child of equal age and capacity contributed to the injury. No rule of law fixes an arbitrary age at which a particular degree of care may be expected, or furnishes a true presumption which takes the place of evidence that a child is not chargeable with contributory negligence. Only where a child is so young that the only reasonable inference is that it was incapable of realizing or avoiding the danger may it be said that it was *non sui juris* as matter of law.

6. It cannot be said, therefore, that the trial court erred in letting the jury, under instructions which clearly pointed out the considerations which should enter into the decision, pass upon the question whether an intelligent child of four years and ten months, attending a kindergarten class and instructed as to the dangers of the street, was *non sui juris*.

*Camardo* v. *New York State Railways*, 217 App. Div. 786, affirmed.

(Argued November 29, 1927; decided January 10, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 30, 1926, affirming a judgment in favor of defendant entered upon a verdict.

*John Van Voorhis* for appellant. The trial court erred in submitting to the jury the question whether the

infant plaintiff was *sui juris*. (*Jacobs* v. *Koehler S. G. Co.*, 208 N. Y. 416; *Government Street Ry. Co.* v. *Hanlon*, 53 Ala. 70; *Walters* v. *Chicago, R. I. & P. R. Co.*, 41 Iowa, 71; *Kunz* v. *City of Troy*, 104 N. Y. 344; *Birkett* v. *Knickerbocker Ice Co.*, 110 N. Y. 504; *Huerzeler* v. *C. C. T. R. R. Co.*, 139 N. Y. 493; *Mangam* v. *Brooklyn R. R. Co.*, 38 N. Y. 457; *Johnson* v. *Bay City*, 164 Mich. 251.) The court should have granted plaintiff's request to charge the jury that in the absence of evidence to the contrary the presumption is that a boy four years old is incapable of actual negligence. (*Tucker* v. *N. Y. Central R. R. Co.*, 124 N. Y. 308; *Zwack* v. *N. Y., L. E. & W. R. R. Co.*, 160 N. Y. 362; *McDonald* v. *Metropolitan Street Ry. Co.*, 80 App. Div. 233; *Costello* v. *Third Ave. R. R. Co.*, 161 N. Y. 324; *Hill* v. *Baltimore & N. Y. R. Co.*, 75 App. Div. 325; *Hebert* v. *Hudson River Elec. Co.*, 136 App. Div. 107; *Kaplan* v. *Metropolitan St. Ry. Co.*, 208 N. Y. 416; *Grealish* v. *Brooklyn, Queens County, etc., R. R. Co.*, 130 App. Div. 238; *Gerber* v. *Boorstein*, 113 App. Div. 808; *Simkoff* v. *Lehigh Valley R. R. Co.*, 190 N. Y. 256.) The trial court erred in declining to charge plaintiff's request " that the presence of children playing in the street is something which a motorman ought to reasonably anticipate." (Shearman & Redfield on Negligence [16th ed.], ¶ 485bc; *Bisogno* v. *New York State Railways Co.*, 194 App. Div. 316; *Rappa* v. *Connecticut Co.*, 114 Atl. Rep. 81; *Lederer* v. *Connecticut Co.*, 111 Atl. Rep. 785; *Kennedy* v. *Hills Bros. Co.*, 54 App. Div. 29; *Sample* v. *Consolidated Light & Power Co.* 57 L. R. A. 186; *Birkett* v. *Knickerbocker Ice Co.*, 110 N. Y. 504; *Huerzeler* v. *C. C. T. R. R. Co.*, 139 N. Y. 490; *Dehmann* v. *Beck*, 61 App. Div. 505.)

*Colin McLennan* for respondent. The law does not fix any arbitrary period when an infant is deemed capable of exercising judgment and discretion. (*Stone* v. *Dry Dock,*

*E. B. & B. R. R. Co.*, 115 N. Y. 105; *Simkoff* v. *L. V. R. R. Co.*, 190 N. Y. 256; *Kunz* v. *City of Troy*, 104 N. Y. 344.) The court's refusal to grant plaintiff's requests to charge the jury was correct. (*Bello* v. *Metropolitan St. Ry. Co.*, 2 App. Div. 313; *Simkoff* v. *L. V. R. R. Co.*, 190 N. Y. 256; *McGrell* v. *Buffalo Office Bldg. Co.*, 153 N. Y. 265; *Stone* v. *Dry Dock, E. B. & B. R. R. Co.*, 115 N. Y. 104; *Jacobs* v. *Koehler S. G. Co.*, 208 N. Y. 416; *Zwack* v. *N. Y., L. I. & W. R. R. Co.*, 160 N. Y. 362; *Batchelor* v. *Degnon*, 131 App. Div. 136.)

LEHMAN, J. The infant plaintiff was struck by a street car operated by the defendant and sustained serious injuries. At the time of the accident the plaintiff was about four years and ten months old. He attended a kindergarten class at a school in Rochester. An older sister who attended the same school, or the child's mother, always took the child home after his class was dismissed. On the afternoon of the accident the child's sister had been instructed to bring him home. Her class was dismissed a few minutes after the kindergarten class. In the interval the plaintiff unexpectedly and contrary to his custom started from the school without a guardian. His home was on Central avenue. He proceeded safely to Central avenue opposite his home. There he played with some small companions. For some reason a somewhat larger boy ran diagonally across the street. The plaintiff ran after him. The street car operated by the defendant was approaching near the opposite side of the street. The larger boy passed safely in front of the car. The plaintiff was struck by the car. The accident occurred within, at most, a half hour after the child was dismissed from his kindergarten class. The trial judge submitted to the jury the questions of defendant's negligence and the infant plaintiff's freedom from contributory negligence. The jury brought in a verdict in favor of the defendant. Inference that the defendant was negli-

gent might perhaps have been drawn by the jury from the evidence, but the opposing inference that the motorman could not have avoided the accident by the exercise of caution was certainly not excluded. It is not unlawful for children to play in the street, but it may hardly be said as matter of law that children have the right to play in the part of a street where street cars are operated and motor vehicles are passing. Perhaps the jury might have found that a reasonably prudent motorman should have anticipated that children would play in the street and might run in front of a moving car, but it cannot be said as a matter of law that the motorman *ought* to have anticipated such possibilities. Upon this branch of the case we find no errors in the charge or in the trial judge's refusal to charge in accordance with the requests of the plaintiff. Contention is, however, made that the trial judge erred in submitting to the jury any question as to the plaintiff's contributory negligence and in his refusals to charge as requested by the plaintiff upon that element of the plaintiff's cause of action.

The plaintiff in an action for personal injuries always has the burden of proving freedom from contributory negligence. That rule applies alike where the plaintiff is an adult or an infant. (*Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 420; *Stone* v. *Dry Dock, E. B. & B. R. R. Co.*, 115 N. Y. 104; *Simkoff* v. *Lehigh Valley R. R. Co.*, 190 N. Y. 256.) The care which may reasonably be exacted of an immature child must be measured by a standard which a child may reasonably be expected to attain. A child is not guilty of contributory negligence if it has exercised the care which may reasonably be expected of a child of similar age and capacity. (*Thurber* v. *Harlem B., M. & F. R. R. Co.*, 60 N. Y. 236; *Kunz* v. *City of Troy*, 104 N. Y. 344.) A child may be of such tender years that it lacks the experience which would enable it to realize the presence of a threatening danger, and the judgment which would enable it to avoid the

danger.    Since no care or caution may under such circum-
stances be expected of the child, it is incapable of personal
negligence.    " At such age the infant is termed *non sui
juris."*    (*Jacobs* v. *Koehler S. G. Co.,* 208 N. Y. 416.)
As the child's capacity develops, the exercise of some care
may reasonably be expected of it.    With the approach
of maturity the capacity of the normal child gradually ·
approximates the capacity of the normal adult and the
exercise of approximately the same care may reasonably
be exacted of it.

An infant plaintiff, like an adult, has successfully
carried its burden of proving freedom from contributory
negligence on its part whenever facts are shown from
which the inference is logically drawn that in that particu-
lar case the plaintiff has not failed in any duty to exercise
that measure of care which the law requires.    If con-
flicting inferences may be drawn, the question is one of
fact; if only one inference can be drawn the question is
one of law.    A child's age does not alone determine its
capacity to care for itself and to avoid dangers which
may threaten.    The law does not disregard variations in
capacity among children of the same age, and does not
arbitrarily fix an age at which the duty to exercise some
care begins or an age at which an infant must exercise
the same care as an adult.    (*Kunz* v. *City of Troy,* 104
N. Y. 344; *Stone* v. *Dry Dock, etc., R. R. Co., supra; Zwack*
v. *N. Y., L. E. & Western R. R. Co.,* 160 N. Y. 362.)

True, there are cases where an infant plaintiff injured
by the negligence of another is so young that even though ·
we recognize individual variations in children of the same
age, the only reasonable inference is that the child was
incapable of realizing or avoiding the danger of injury.
Only in such cases may we say that a child is *non sui
juris* as a matter of law.

An examination of the cases in which the courts have
decided as a matter of law either that a particular child
was *non sui juris,* or, on the other hand, that in the

absence of evidence to the contrary the inference must be drawn that a particular child was capable of exercising some care, or even the same care as an adult, shows that no rule of thumb can be deduced which is applicable to all cases. Determination whether under the particular circumstances in each case reasonable men might differ as to the inferences that can be drawn is decisive of whether upon the evidence a question of fact or of law is presented. It is sometimes said that at least a presumption exists that a particular child is *non sui juris*, or that another child is not capable of exercising the care which an adult would exercise in the face of the danger which threatened. It would perhaps be more accurate to say that under some circumstances, in the absence of any evidence bearing upon the capacity of a particular child except its age, an inference may be drawn, in the light of common experience, as to the child's ability to apprehend and avoid the danger which resulted in its injury. (*Stone* v. *Dry Dock, etc., R. R. Co., supra.*) Here, too, however, it must be noted that from the cases decided in this court no general rule can be deduced that at a definite and fixed age the basis for an inference that a child is incapable of caring for itself under particular circumstances fails. Under some circumstances an explanation as to the child's capacity and the care it exercised is required, though in other cases evidence of the defendant's negligence and the plaintiff's age present sufficient basis for a finding that the child was free from contributory negligence. (See *Simkoff* v. *Lehigh Valley Railroad Co., supra,* and cases there cited.)

The only rule that can safely be drawn from the decisions of this State is that a recovery may be had for injuries inflicted upon a child by the negligence of another only where an inference may be drawn from the evidence presented in the particular case that no failure on the part of the child to exercise the care which might reasonably be expected of a child of equal age and capacity

contributed to the injury. No rule of law fixes an arbitrary age at which a particular degree of care may be expected, or furnishes a true presumption which takes the place of evidence, that a child is not chargeable with contributory negligence. Only where the circumstances admit of only one inference may the court decide as a matter of law what inference shall be drawn.

It may be that in this case if the court could determine questions of fact it would decide that the plaintiff, though an intelligent child of four years and ten months, attending a kindergarten class and instructed as to the dangers of the street, had not sufficient judgment or experience to exercise any care to avoid the defendant's street car and that it was, therefore, *non sui juris*. It is difficult to draw distinction between the capacity which a child of four years and ten months may have, and the capacity of a child of five years or five years and two months. There must always be some border line where such distinctions become illusory. Attempts by the courts to fix that border line, regardless of surrounding circumstances, must result in distinctions which at times are arbitrary. If we hold that an intelligent child of four years and ten months is in law not capable of avoiding the dangers of the street, we might be driven to hold, as a logical corollary, that parents are as matter of law guilty of negligence, which must be imputed to the child, in other cases where they voluntarily expose the child to the dangers of the street by permitting it to play there unattended. Determination of the degree of care which may be expected of children is based upon factors which the jury can weigh in the light of their experience at least as well as judges. It does not require any special training or learning, which judges are supposed to possess in higher degree. Except in cases where the judge can safely decide that reasonable jurors would arrive at the same determination, the question of a child's capacity to take care of itself should be left to the

determination of the jury. The clearer the case, the less possibility there is that the jury would reach a different conclusion from the judge. Though it may well be true that in this case the jury should have, and probably did, decide that issue in favor of the plaintiff, we cannot say that the court erred in letting the jury pass upon the question under instructions which clearly pointed out the considerations which should enter into the decision.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE and O'BRIEN, JJ., concur; ANDREWS and KELLOGG, JJ., dissent upon the ground that an infant under five years of age is *non sui juris* as matter of law.

Judgment affirmed, etc.