JOSEPHINE GLOSHINSKY et al., Respondents, *v.* BERGEN MILK TRANSPORTATION COMPANY, et al., Appellants, Impleaded with Another.

Argued October 13, 1938; decided November 29, 1938.

*William R. Meagher* and *Joseph L. Roesch* for appellants. There was no proof of negligence on the part of appellants. (*Cantanno* v. *Stevenson Co.*, 172 App. Div. 252; *Herron* v. *High Ground Dairy Co.*, 153 App. Div. 338; *Gray* v. *Weir*, 113 App. Div. 479; *Schneider* v. *Railway Express Agency, Inc.*, 230 App. Div. 404; *Wood* v. *Pace*, 220 App. Div. 386; 250 N. Y. 556; *Greene* v. *Sibley, Lindsay & Curr Co.*, 257 N. Y. 190; *Henderson* v. *Knickerbocker Ice Co.*, 5 N. Y. Supp. 909; 119 N. Y. 619; *Becker* v. *Fargo*, 158 App. Div. 810; *Culhane* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 133; *Hopper* v. *Benne*, 114 App. Div. 572.) There was no evidence authorizing the jury to find the absence of contributory negligence on the part of the infant plaintiff. (*Herron* v. *High Ground Dairy Co.*, 153 App. Div. 338; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 420; *Camardo* v. *New York State Railways*, 247 N. Y. 111; *Tucker* v. *N. Y. C. & H. R. R. R. Co.*, 124 N. Y. 308; *Jacobs* v. *Koehler S. G. Co.*, 208 N. Y. 416; *Heffernan* v. *Arnold*, 48 App. Div. 419; *Volosko* v. *Interurban Street Ry. Co.*, 190 N. Y. 206; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 248; *Guichard* v. *New*, 9 App. Div. 485; *Sobol* v. *Union Ry. Co.*, 122 App. Div. 817; *Buckley* v. *G. P. & R. Mfg. Co.*, 113 N. Y. 540; *McCarragher* v. *Rogers*, 120 N. Y. 526; *Hickey* v. *Taaffe*, 105 N. Y. 26; *McGuiness* v. *Butler*, 159 Mass. 233; *White* v. *Board of Education*, 149 Misc. Rep. 324.)

*Daniel F. Kelley* for respondents. There is ample evidence to establish gross negligence on the part of defendants-appellants. (*Thurber* v. *Harlem B., M. & F. R. R. Co.*, 60 N. Y. 326; *Costello* v. *Third Ave. R. Co.*,

161 N. Y. 317; *Hammer* v. *Bloomingdale Bros., Inc.,* 215 App. Div. 308; *Hart* v. *Hudson River Bridge Co.,* 80 N. Y. 622; *Chisholm* v. *State,* 141 N. Y. 246.) Whether under the circumstances the infant plaintiff was guilty of contributory negligence was properly submitted to the jury and was a matter for their determination. (*Weber* v. *N. Y. C. & H. R. R. R. Co.,* 58 N. Y. 451; *Eastland* v. *Clarke,* 165 N. Y. 420; *Thurber* v. *Harlem B., M. & F. R. R. Co.,* 60 N. Y. 326; *Hluboky* v. *1726 Davidson Ave. Corp.,* 158 Misc. Rep. 799; 247 App. Div. 778; *Moon* v. *Hoy,* 277 N. Y. 684; *Conway* v. *Naylor,* 222 N. Y. 437; *Nicholson* v. *Greeley Square Hotel Co.,* 227 N. Y. 345; *Godwin* v. *Bklyn. Edison Co.,* 242 App. Div. 643; *Rix* v. *Siegel,* 235 App. Div. 499; *Bell* v. *Workmen's Circle of America,* 245 App. Div. 771; *Johnson* v. *City of Amsterdam,* 245 App. Div. 894; *Camardo* v. *New York State Railways,* 247 N. Y. 111.) The case was properly submitted to the jury. (*Seyford* v. *Southern Pacific Co.,* 216 N. Y. 613; *Brinkerhoff* v. *Pennsylvania R. R. Co.,* 245 App. Div. 561; *Wendell* v. *N. Y. C. & H. R. R. R. Co.,* 91 N. Y. 420; *Kelly* v. *Eagle Motor Haulage Co.,* 243 App. Div. 739; *Stone* v. *Dry Dock R. R. Co.,* 115 N. Y. 104; *Thurber* v. *Harlem B., M. & F. R. R. Co.,* 60 N. Y. 326.)

RIPPEY, J. One of the plaintiffs, an infant fifteen years of age, was injured at about half past four on the afternoon of May 23, 1934, when the tailboard of a trailer hitched to a truck and owned by the defendant Bergen Milk Transportation Company dropped on his head. The boy and his mother have brought an action to recover damages for injuries which he then sustained and they have recovered.

Defendant Meyer, the driver of the truck, had backed the truck with the trailer behind it into a narrow areaway, slightly wider than the vehicle, alongside a loading platform of a milk station operated by defendant Schalk for the purpose of unloading cases or cans of milk. The

driver dismounted on the left side of the cab, went along the left side of the cab and trailer and around the rear to the right rear corner, pulled out a pin to release the chain attached to and holding in position the right end of the tailboard, then walked around the rear of the trailer to the left side, released the chain holding the left end of the tailboard, and it dropped into position so that the cans or cases could be unloaded onto the platform. While this was going on, the boy passed along the right side of the truck and trailer, between the truck and trailer and the loading platform, and was just passing around the right rear corner of the trailer as the tailboard fell.

The boy testified that while he was still out in the street, he looked up and saw the driver sitting in the cab of the truck after it had backed into and stopped within the inclosure but said that he did not see him afterwards. There was no evidence that the driver had any notice that the boy was entering the areaway, or passing around the side and the rear of the truck and trailer, or that he was near or in the vicinity of the tailboard when he permitted it to drop. There was no evidence from which the jury were authorized to infer that the driver had any reason to anticipate that any one would be in the place where the accident happened. The driver testified that he did not look around to see. Under the circumstances, he had no duty to make any such observation. There was no reason apparent in the evidence why he should have anticipated that someone would run into the areaway around the truck and trailer and under the tailboard while he was letting it down. The driver was bound to exercise only reasonable care. There was no evidence from which the jury might find that appellants violated any duty they owed to the boy, and consequently the finding of negligence on the part of the driver was without evidence to support it.

In the absence of evidence tending to show that the boy was not of sufficient age, capacity and experience or

otherwise qualified or able to understand and appreciate the dangers surrounding him, he must be deemed *sui juris* (*Tucker* v. *N. Y. C. & H. R. R. R. Co.*, 124 N. Y. 308, 318). The mere fact that the injured person is an infant does not require the submission of the question of his freedom from contributory negligence to the jury (*Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 420). The standard of care required of an infant is sometimes lower than that which would be required of an adult under the same circumstances. An infant, however, is required in all cases to exercise reasonable care to avoid known dangers (*Volosko* v. *Interurban Street Ry. Co.*, 190 N. Y. 206, 209) and all unknown dangers which ordinary prudence requires him to anticipate, the care being measured by that which an ordinarily prudent person of his age, capacity and experience would have exercised under similar circumstances (*Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 248, 252; *Camardo* v. *New York State Railways*, 247 N. Y. 111). The burden of establishing freedom from contributory negligence rested upon the plaintiffs (*Camardo* v. *New York State Railways, supra*). While the question of the freedom of an infant from contributory negligence is ordinarily one for the jury, the facts may be such as to make it a question of law (*Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 420, 427).

As above stated, the boy testified that the only time he saw the driver on the day of the accident was when the latter was sitting in the cab of the truck and while he, the boy, was out in the street. He says, however, that he heard the driver loosening the chains to let the tailboard down and that, as he passed along the trailer and around its rear right corner, he knew that the chain on the right end of the tailboard was unhooked. He also testified that he knew, as he passed along the areaway to the back of the vehicle, that the tailboard was likely to come down. Nevertheless, he walked around the trailer and under the falling tailboard without any apparent

effort so far as the evidence shows to avoid the accident. Nothing appears to show that anything was going on to distract his attention from what was being done in the lowering of the tailboard. He knew of the dangers incident to the lowering of the tailboard. There are no conflicting inferences to be drawn from the testimony. But a single determination is possible from the facts and that is that the boy exercised no care at all for his own safety, and under those circumstances, as matter of law, the plaintiffs failed to sustain the burden resting upon them to show that he was free from negligence contributing to his injuries (*Wendell* v. *N. Y. C. & H. R. R. R. Co.*, supra; *Camardo* v. *New York State Railways*, supra). The fact that the boy tried to " duck " the falling tailboard does not help the plaintiffs out. He tried to do so only after it was too late and after his failure to exercise the care required of him had placed him in a position of danger. The boy, by his own testimony, was guilty of contributory negligence as a matter of law.

Defendants-appellants' motion for a nonsuit upon each of the grounds (1) that the plaintiffs failed to establish any negligence on the part of the defendants-appellants and (2) that they failed to establish the infant plaintiff's freedom from contributory negligence should have been granted, and the exception to the denial thereof was well taken. The advantage of this exception was not waived, for the motion was renewed at the close of the case and denied, whereupon defendants-appellants duly excepted.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J. (dissenting). My inability to agree with this opinion is because the young boy plaintiff was legally and lawfully upon the premises, having gone on an errand for one of the employees there. In returning and passing the truck, he waved to the driver, who saw

him. The questions and answers in the case are as follows:

" Q. Now just prior to the time you walked up the left side of that truck, did you see the driver, Frank Meyer, on the seat of that truck at that time? A. Yes, sir.

" Q. What did you do? A. I waved to him and he nodded back to me.

" Q. And then you proceeded up the left side of the truck, is that correct? A. Yes, sir."

I cannot reconcile this evidence with the statement in the opinion: " There was no evidence that the driver had any notice that the boy was entering the areaway, or passing around the side and the rear of the truck." Neither can I agree that the boy is guilty of contributory negligence as matter of law.

Lehman, O'Brien and Finch, JJ., concur with Rippey, J.; Crane, Ch. J., dissents in opinion in which Hubbs and Loughran, JJ., concur.

Judgment accordingly.