EDWIN JACOBS, an Infant, by SAM JACOBS, His Guardian ad Litem, Appellant, v. ISAAC LEADER, Respondent.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.; Untermyer, J., dissents and votes to reverse and grant a new trial; dissenting opinion by Untermyer, J.

UNTERMYER, J. (dissenting). The defendant rested at the conclusion of the plaintiff's case and the court then dismissed the complaint, holding on the uncontradicted evidence that no cause of action was established.

The plaintiff, who at the time of the alleged accident was eleven years of age, occupied, with his parents, a four-room apartment in an apartment building owned by the defendant. The dining and living rooms were connected by a door divided into glass panels. The door stuck so badly that, when closed, it was difficult to open. In spite of complaints by the tenant to the landlord for a considerable time, and promises on his part to make repairs, nothing was done.

On September 11, 1929, the infant plaintiff and a cousin were alone in different parts of the apartment. A draught caused the door to close. The plaintiff's cousin attempted to pull the door open, but, unable to do so, called to the plaintiff to assist from the other side. The plaintiff placed his right hand on the knob, his left hand above the knob on the jamb, and pushed against the door. Suddenly his right hand slipped from the knob into one of the glass panels, resulting in the injuries for which he sues.

It cannot be disputed that the defendant was negligent in failing to repair the door. The accident was the result of that negligence and was within the scope of reasonable apprehension. (See 45 C. J. p. 918, § 484, and cases cited.) To entitle the plaintiff to recover it is not necessary that the defendant could not have foreseen the particular manner in which the accident occurred (Restatement of the Law of Torts, § 435), provided some danger resulted from his negligence.

Whether the plaintiff was guilty of contributory negligence in allowing his hand to slip from the handle of the door was a question which should have been submitted to the jury as an issue of fact. At the time of the accident the plaintiff was eleven years old and could only be expected to exercise intelligence and care commensurate with his age. (*Camardo* v. *New York Street Railways*, 247 N. Y. 111.)

The judgment should be reversed and a new trial ordered.