■ THOMAS COGNATO, an Infant, by His Guardian ad Litem, PAUL COGNATO, et al., Respondents, v. SICILIAN ASPHALT PAVING Co., Appellant.— In an action by an infant to recover damages for personal injury and by his father to recover damages for medical expenses and loss of services, in which, after trial, the jury disagreed, the defendant Sicilian Asphalt Paving Co. appeals from an order of the Supreme Court, Kings County, dated March 19, 1963, which denied its motions: (1) to dismiss the complaint against it at the close of plaintiffs' case and at the close of the entire case; (2) to direct a verdict in its favor, at the close of the entire case; and (3) to direct a verdict notwithstanding the jury's disagreement, pursuant to section 457-a of the former Civil Practice Act (now CPLR 4401, 4404); and which granted a new trial. Order reversed on the law, without costs; motions by defendant Sicilian Asphalt Paving Co. to dismiss the complaint and to direct a verdict in its favor granted; and judgment directed for defendant dismissing the complaint, without costs. No questions of fact were considered. In crossing a street at an intersection, during or following his participation in a game of tag, the 13-year-old infant plaintiff was injured as he walked or trotted close to one of four smudge pots that had been placed across the walkway by the defendant. The evidence adduced by plaintiffs discloses that there were two other ways to cross the street without exposure to the smudge pots. The infant plaintiff testified that he saw the smudge pots before he started to go across, that they were all in a row, that they were lit, and that he saw flames coming out of them. In our opinion, under all the circumstances, not only did the plaintiffs fail to establish negligence on the part of the defendant, but the infant plaintiff was guilty of contributory negligence as a matter of law (*Wilhelm* v. *Board of Educ. of City of N. Y.*, 16 A D 2d 707, affd. 12 N Y 2d 988; *Fox* v. *Mission of Immaculate Virgin*, 285 App. Div. 898, affd. 309 N. Y. 812; *Gloshinsky* v. *Bergen Milk Transp. Co.*, 279 N. Y. 54). Kleinfeld, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ CATHERINE E. DOYLE, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— In a negligence action, plaintiff appeals from an order of the Supreme Court, Kings County, dated June 5, 1963, which denied her motion: (1) to vacate an order of said court, dated June 19, 1961, dismissing the action; and (2) to restore the action to the Trial Calendar. Order affirmed, without costs. (*Sortino* v. *Fisher*, 20 A D 2d 25, and cases there cited; *Keating* v. *Smith*, 20 A D 2d 141.) Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.