Argued September 6, reargued December 2, 1968, affirmed
January 15, 1969

TAYLOR, *Appellant, v.* BERGERON et al,
*Respondents.*

449 P. 2d 147

*Burton J. Fallgren,* Portland, argued and reargued
the cause and filed a brief for appellant.

*James F. Spiekerman,* Portland, argued and re-
argued the cause for respondents. With him on the
brief were Gordon Moore and Mautz, Souther, Spauld-
ing, Kinsey & Williamson, Portland.

Before Perry, Chief Justice, and McAllister,
Sloan, O'Connell, Goodwin, Denecke and Holman,
Justices.

## GOODWIN, J.

Plaintiff, a child who was injured by an automobile, appeals from a judgment for the defendant entered pursuant to a jury verdict. The assignments of error all challenge the submission to the jury of the issue of contributory negligence.

At the time of the accident in question, the plaintiff was five years, nine months, and ten days old. The defendant saw the plaintiff standing in the street when the defendant was between 150 and 200 feet away from the plaintiff. The plaintiff was talking to another child and had his back to the defendant. When the defendant was about 100 feet from the plaintiff, the defendant applied his brakes. When the defendant was one or two car lengths from the plaintiff, the defendant sounded his horn. The plaintiff then ran across the street in front of the defendant's vehicle and was injured.

The trial court submitted to the jury the issue of the plaintiff's contributory negligence as well as the issue of the defendant's negligence. At every appropriate stage of the trial, the plaintiff sought rulings that would declare as a matter of law that the plaintiff was not chargeable with negligence. The plaintiff also asks this court to rule, as a matter of law, that no child of the age of six years or younger can be denied recovery in a personal-injury case by reason of contributory negligence.

This court is unanimously of the opinion that the question of contributory negligence in the case at bar was properly submitted to the jury. A majority of the court is also of the opinion that it is not necessary in this case to re-examine an earlier decision which alluded to the age of five as the age below which a child is not responsible for the consequences of his

own conduct. In *Macdonald v. O'Reilly,* 45 Or 589, 78 P 753 (1904), we held that a child four and one-half years of age, as a matter of law, could not be barred by contributory negligence. We noted, in passing, that there were then many cases holding that children under five were incapable of negligence. The *Macdonald* decision subsequently has been cited as supporting the rule that a child of less than five years of age is incapable of negligence, although the cases have not required a square holding to that effect. See *Oviatt v. Camarra,* 210 Or 445, 311 P2d 746 (1957); *Kudrna v. Adamski,* 188 Or 396, 216 P2d 262, 16 ALR2d 1297 (1950).

Affirmed.

O'CONNELL, J., specially concurring.

This case was first heard in department and was assigned to me for the preparation of an opinion for the court. Because the opinion was found unacceptable to some members of the court the case was set for reargument. Reargument not having changed our conflicting views, the case was reassigned and the opinion which I had prepared for the court now expresses the views of only three members of the court.

The point of difference can be simply stated. The majority takes the position that it is unnecessary in the present case to establish the minimum age at which a child can be deemed to have the capacity to be negligent. The minority contend that in every case in which the negligence of a child is an issue the trial court must decide, without the aid of any trial evidence, a preliminary question of the capacity of children generally to be negligent. And the court must decide in each case that the chronological age of the child involved is above or below the age which marks the

dividing line between those children who are and those children who are not capable of being negligent. Thus, in the present case the court has decided that children as a class are capable of being negligent at the age of five years, nine months and ten days. If the next case presented to us involves a four-year-old child, we shall have to determine whether four-year-old children as a class can be capable of negligent conduct. The minority feel that since this question must be decided sometime it would be of service to the trial bench and bar to decide it now. The following opinion (essentially the same opinion as that originally circulated to the court) develops the reasoning for our conclusion.

Assigned as error is the trial court's submission to the jury of the issue of contributory negligence, it being urged that as a matter of law a child of plaintiff's years is incapable of being contributorily negligent. Plaintiff asks us to adopt a rule fixing a minimum age of six or seven years below which a child would be held to be incapable of contributory negligence irrespective of his intelligence or experience.

We have recognized that the conduct of children is to be judged by a special standard distinct from that applied to adults. A child's conduct "is to be judged by the standard of behavior to be expected from a child of like age, intelligence and experience."[1] In applying this standard "the capacity of the particular child to appreciate the risk and form a reasonable judgment must be taken into account."[2] The capacity of a particular child to exercise care for his own protection ordinarily is for the determination of the jury. However, the issue of a child's contributory negligence may be withdrawn from the jury if the trial court

---

[1] Nielsen v. Brown, 232 Or 426, 445, 374 P2d 896 (1962).
[2] Prosser on Torts, § 132, p. 158 (3d ed 1964).

properly concludes that the child did not have the capacity to be contributorily negligent. The trial court may, in the proper case, reach that conclusion either (1) on the ground that although some children of the plaintiff's age have the capacity to be contributorily negligent, the particular plaintiff did not have the intelligence or the experience to be contributorily negligent, or (2) on the ground that no child of the plaintiff's chronological age, regardless of how intelligent or how great his experience, could be capable of contributory negligence. A decision made on ground (1) requires the court's evaluation of the particular child before it, whereas under ground (2) it would not be necessary for the court to inquire into the particular child's capacity because it would have been determined by the court's generalization that no child of the plaintiff's age would have the necessary capacity.

The plaintiff rests his assignment of error upon the generalization that no child of the age of five years, nine months and ten days has the capacity to be contributorily negligent. We must decide whether that proposition is correct.

We could all agree that any child of the age of six months would not have the necessary mental qualities to be negligent, under any circumstances. But as we move up the age scale we encounter the difficulty of determining precisely where this incapacity ceases. The difficulty stems from a variety of different sources. In the first place, the concept of negligence itself is vague and imprecise, presenting semantic problems of considerable complexity.[9] In some cases negligence appears to be predicated upon moral culpability and in some cases solely upon a policy of com-

---

[9] Burrell, A New Approach to the Problem of Wilful and Wanton Misconduct, 1949 Ins L J 716.

pensating the victim.[⊕] The term "fault" has a shifting meaning.[⊖] Differences in viewpoint as to the respective function of court and jury in deciding questions of negligence present another variable factor. When children are charged with negligence, either as plaintiff or defendant, an additional problem is interjected—the problem of identifying a separate standard of conduct for children.

In spite of these complexities we are expected to be able to determine generally what constitutes negligence of children, at least for the purpose of deciding whether the issue of negligence is to go to the jury. In the present case we are asked to take the further step of fixing the age at which children first acquire the capacity to be negligent. Here we are confronted not only with the complexities mentioned above, but also the psychometric problem of identifying and attempting to measure the characteristics of children which relate to their understanding of risks of harm and their capacity to avoid them. Very probably there are psychological studies throwing light upon the manner in which children of various ages can be expected to react to various circumstances involving danger but we have not been able to find them. We can, of course, from our own knowledge and experience roughly identify some of the characteristics of young children relevant to their capacity to be negligent. Thus we would recognize, as other courts have, that "[c]hildren are necessarily lacking in the knowledge of physical causes and effects which is usually acquired only through experience. They must be expected to act upon childish instincts and impulses and

---

[⊕] Harper & James on Torts *passim* (1956).

[⊖] Cohen, Fault and the Automobile Accident: The Lost Issue in California, 12 UCLA L Rev 164 (1964).

must be presumed to have less ability to take care of themselves than adults have.";[6] that a child of tender years is "a creature of impulse and impetuosity. It has no habits of deliberation and forethought,"[7] and that his incapacity exists "not so much because the child is lacking in knowledge as because it is lacking in judgment and discretion."[8]

Judicial comments such as these aid us in identifying the shortcomings of children but they do not help us materially in establishing the age at which such shortcomings render a child incompetent to exercise the required amount of care.

What, then, are we to do? We could now decide that in all cases the question of a child's capacity to be negligent shall be for the jury. The justification for such a rule could be rested upon the observation of the court in *Camardo v. New York State Rys.*, 247 NY 111, 159 NE 879, 881 (1928), that the "[d]etermination of the degree of care which may be expected of children is based upon factors which the jury can weigh in the light of their experience at least as well as judges. It does not require any special training or learning, which judges are supposed to possess in higher degree." However, cases would eventually arise in which the trial court and this court, consistent with their traditional exercise of control over the jury, would be forced to hold that simply because of the child's age the jury could not properly find that the child was negligent.[9] Since the question of the in-

---

[6] Bagdad Land & Lumber Co. v. Boyette, 104 Fla 699, 704, 140 So 798, 800 (1932).

[7] Von Saxe v. Barnett, 125 Wash 639, 217 P 62, 64 (1923).

[8] *Id.* at 64, quoting from LRA 1917F, p. 57.

[9] The court in Camardo v. New York State Rys., *supra* 159 NE at 881, in spite of the broad statement quoted in the text

herent incapacity of children to be negligent is certain to arise, we might just as well at this time attempt to fix the minimum age.[10] It is not likely that we shall be in any better position to do so in the future. Moreover, the setting of the minimum age now will aid the trial courts and counsel in disposing of the question of the incapacity of children more expeditiously.[11]

What minimum age should be set? We have already confessed our inability to establish with any precision the age of incapacity. This does not mean that we are not justified in setting an age which approximates the age of capacity if we can make a reasonable approximation. The law frequently fixes a chronological age as a point of cleavage in the determination of both civil and criminal responsibility. The establishment of a voting age is the most familiar example. No one would contend that it marks a line perfectly dividing those who are and those who are not competent to make a sound judgment at the polls.

---

above, went on to recognize that the issue might be withdrawn from the jury in the proper case. The court said, "Except in cases where the judge can safely decide that reasonable jurors would arrive at the same determination, the question of a child's capacity to take care of itself should be left to the determination of the jury."

[10] Apparently our view is contrary to that taken in Prosser on Torts, p. 159 where it is stated that a minimum age "ought not to be fixed by rules laid down in advance without regard to the particular case." See also 1 Shearman and Redfield on Negligence, § 94, p. 231 (1941): "A definite age limit, arbitrarily fixed for application in all cases, would have only its definiteness to commend it."

[11] "The exigencies of everyday trial court practice render it necessary to delineate at what age a trial court should allow the jury to determine the question of capacity or incapacity, absent any special attribute possessed by the child. Most courts have drawn the line at some point for purposes of certainty and trial expediency." Bush v. New Jersey & N. Y. Transit Co., 30 NJ 345, 153 A2d 28 at 33 (1959).

It is at best an approximation. A similar approximation can be made in setting the minimum age below which children are incapable of contributory negligence. We are able to make this estimate simply upon the basis of our own observations of the conduct of children revealing those characteristics mentioned above relating to an appreciation of the risks involved in their conduct and the ability to fend against it. We of the minority believe that the age of four years is a reasonable approximation.[28] If we have set this minimum age too low, there is still the opportunity for the trial court and ultimately this court to decide as a matter of law that the particular child bringing the action, although above the age of four years, did not have the intelligence or experience to be contributorily negligent. If the minimum is set too high, we think that the likelihood of prejudice to the defendant as a result of an instruction precluding contributory negligence would be relatively small in such cases and that whatever harm there might be is outweighed by the more expeditious handling of this class of cases accruing from having a fixed and certain standard.

Since plaintiff in the present case was well above the minimum age set by the minority, we should hold that the trial court did not err in submitting the issue of contributory negligence to the jury.[29]

---

[28] Prosser on Torts, § 32 at p. 159 (3d ed 1964) suggests that the minimum age is "probably somewhere in the neighborhood of four years of age * * *." In 2 Harper & James, The Law of Torts § 16.8, p. 925 (1956), it is stated that "The great majority of states have established three as the age below which they will not allow consideration of contributory negligence." *Accord,* Annot., 77 ALR2d 917, 920 (1961). See also Annot., 107 ALR 4 (1937). But cf., Annot. 16 ALR3d 25 (1967).

[29] To the extent that Oviatt v. Camarra, 210 Or 445, 311 P2d 746 (1957); Kudrna v. Adamski, 188 Or 396, 216 P2d 262, 16 ALR2d 1297 (1950); and MacDonald v. O'Reilly, 45 Or 589, 78

DENECKE, J. and HOLMAN, J. concur in this specially concurring opinion.

P 753 (1904) are inconsistent with this opinion, they should be overruled.