THIRD DEPARTMENT, MARCH, 1970

(March 2, 1970)

DEBORAH WILLIS, an Infant, by GEORGE E. WILLIS, Her Parent, et al., Appellants, v. YOUNG MEN'S CHRISTIAN ASSOCIATION OF AMSTERDAM et al., Respondents.— STALEY, JR., J. Appeals from (1) judgments of the County

Court of Montgomery County in favor of both defendants, entered March 17, 1969 and March 24, 1969, and (2) from an order of said court, entered April 2, 1969, which denied plaintiffs' motion to set aside the verdict. The main issue on this appeal is whether or not the trial court erred in refusing to charge that plaintiff, Deborah Willis, was free from contributory negligence as a matter of law. Plaintiff, Deborah Willis, age 13, was attending a Y. M. C. A. "sleep in" on April 13, 1966 when she was injured. About 25 school girls under the age of 15 were participating in this program. They paid $.50 as a fee and were to sleep all night in sleeping bags on the floor in the "Y" recreation room. Defendant Day, age 17, had been employed by the "Y", but on the night in question was acting voluntarily in a supervisory capacity. At about 12:30 A.M., after participating in swimming, dancing and having a snack, the girls were instructed to get ready for bed. The group bedded down in a 30-foot long room and the infant plaintiff selected a spot near a wall under the overhang of a coat rack which had a shelf. After lights out, defendant Day was requested by another member of the group to get her a pillow which had been placed on the shelf over the plaintiff. While defendant Day was pulling the pillow from the shelf, a broken plastic arm from a chair fell striking the infant plaintiff in the mouth chipping her front teeth. After the trial, the jury rendered a verdict of no cause of action in favor of the defendants. The trial court properly charged burden of proof as it related to the infant plaintiff's contributory negligence, and the rules of negligence as they apply to an infant of the age of 13. (*Rodford* v. *Sample,* 30 A D 2d 588; 1 N Y PJI 137.) At the end of the charge, plaintiffs' attorney requested the trial court to charge that the infant plaintiff was free from contributory negligence, which was refused. "The issue of contributory negligence is peculiarly within the province of the trier of the facts." (*Kenton* v. *State of New York,* 29 A D 2d 64, 65, affd. 23 N Y 2d 663.) The determination as to whether or not a plaintiff is free from contributory negligence as a matter of law is usually established only upon unusual or exceptional factual situations. (*Greelish* v. *New York Cent. R. R. Co.,* 29 A D 2d 159, affd. 23 N Y 2d 903.) In our opinion the evidence adduced at the trial was not so heavily weighted in favor of the infant plaintiff's freedom from contributory negligence as to warrant a charge by the trial court that she was free from contributory negligence as a matter of law. From the infant plaintiff's own testimony, the facts relating to her choice of a place to lie down and the facts surrounding the accident were sufficient to submit to the jury the question of contributory negligence of the infant plaintiff as well as the negligence of the defendants. Although in this case, they could have, and probably did, decide the issue of contributory negligence in favor of the infant plaintiff, we cannot say that the trial court erred in letting the jury pass upon the question. (*Camardo* v. *New York State Rys.,* 247 N. Y. 111.) Additionally, the jury could have found that the plaintiffs had failed to establish that neither of the defendants was negligent. Judgments and order affirmed, without costs. Herlihy, P. J., Staley, Jr., and Greenblott, JJ., concur in memorandum by Staley, Jr., J. Cooke and Sweeney, JJ., dissent and vote to reverse and grant a new trial in a memorandum by Sweeney, J. Sweeney, J. (dissenting). I am unable to agree with the majority. The infant plaintiff was required to use that degree of care to be expected of an infant 13 years of age. She was on the premises of the defendant "Y" and under its supervision. The girls were told when to go to bed and when the lights were to be put out. An examination of this entire record reveals no act of omission or commission on the part of this infant plaintiff which caused this accident. To conclude that plaintiff failed to use reasonable care because she chose to place her sleeping bag in the vicinity of the rack is, in my opinion, erroneous.

To arrive at this conclusion it must be held, in effect, that the infant plaintiff should have reasonably foreseen that someone would cause an object to fall from the rack and strike her. Such action was not reasonably foreseeable by this 13-year-old plaintiff under the circumstances of this case. Since there was no evidence of contributory negligence on the part of this plaintiff, the court should not have submitted that issue to the jury. (*Gillman* v. *Liberty Airport Auth.*, 32 A D 2d 296, 300; *Meyer* v. *Brown-Harter Cadillac*, 32 A D 2d 1045.) While the majority speculates that the jury probably decided the contributory negligence issue in favor of plaintiff, there is nothing in the record to permit such a conclusion, and since we do not know, a new trial is required. The judgments and order should be reversed and a new trial ordered.